# 12-156-cv

## 12-162-cv (Consol.)

IN THE

## United States Court of Appeals

FOR THE SECOND CIRCUIT

DANA TREZZIOVA, NEVILLE SEYMOUR DAVIS,

*Plaintiffs-Appellants,*

REPEX VENTURES S.A., on behalf of itself and all others similarly situated, SCHMUEL CABILLY, SHMUEL CABILLY, KOREA EXCHANGE BANK,

*Plaintiffs,*

v.

SONJA KOHN, PRIMEO SELECT FUND, PRIMEO EXECUTIVE FUND, HANNES SALETA,

*Defendants-Appellees,*

[remainder of caption appears on inside cover]

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## BRIEF FOR DEFENDANT-APPELLEE
## PRICEWATERHOUSECOOPERS LLP

MICHAEL P. CARROLL
JAMES H.R. WINDELS
MICHAEL S. FLYNN
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
(212) 450-4000
*Attorneys for Defendant-Appellee*

[caption continued from front cover]

ERNST & YOUNG GLOBAL LIMITED, HSBC SECURITIES SERVICES (LUXEMBURG) S.A., HSBC HOLDINGS PLC, BANK MEDICI, UNICREDIT, BANK AUSTRIA, PIONEER GLOBAL ASSET MANAGEMENT S.P.A., ALFRED SIMON, KARL E. KANIAK, HANS-PETER TIEFENBACHER, JOHANNES P. SPALEK, NIGEL H. FIELDING, JAMES E. O'NEILL, ALBERTO LAROCCA, DECLAN MURRAY, URSULA RADEL-LESZCYNSKI, MICHAEL WHEATON, BA WORLDWIDE FUND MANAGEMENT, LTD., PIONEER ALTERNATIVE INVESTMENT MANAGEMENT LTD., BANK OF BERMUDA (CAYMAN) LIMITED, BANK OF BERMUDA (LUXEMBOURG) S.A., BANK OF BERMUDA LIMITED, ERNST & YOUNG (CAYMAN), ALBERTO BENBASSAT, STEPHANE BENBASSAT, GENEVALOR, BENBASSAT & CIE, GERALD J.P. BRADY, JOHN HOLLIWELL, SONJA KOHN, DANIEL MORRISSEY, DAVID T. SMITH, WERNER TRIPOLT, BANK MEDICI AG, UNICREDIT SPA, HSBC INSTITUTIONAL TRUST SERVICES (IRELAND) LTD., HSBC SECURITIES SERVICES (IRELAND) LTD., HSBC HOLDINGS PLC, PRICEWATERHOUSECOOPERS INTERNATIONAL LTD., PRICEWATERHOUSECOOPERS (DUBLIN), PRICEWATERHOUSECOOPERS LLP, PRICEWATERHOUSECOOPERS BERMUDA, THEMA ASSET MANAGEMENT LIMITED, BA WORLDWIDE FUND MANAGEMENT LIMITED, PETER MADOFF, ANDREW MADOFF, MARK MADOFF, WILLIAM FRY, JP MORGAN CHASE & CO., BANK OF NEW YORK MELLON, HERALD (LUX), MESSRS. FERDINAND BURG AND CARLO REDING, THE COURT APPOINTED LIQUIDATORS FOR HERALD (LUX), HERALD ASSET MANAGEMENT LIMITED, UNICREDIT BANK AUSTRIA AG, HERALD USA FUND, THEMA INTERNATIONAL FUND PLC, ERNST & YOUNG S.A., FRIEDRICH PFEFFER, FRANCO MUGNAI, THEMA INTERNATIONAL FUND PLC,

*Defendants – Appellees,*

BERNARD L. MADOFF, BERNARD L. MADOFF INVESTMENT SECURITIES, BANK MEDICI S.A., PETER SCHEITHAUER, HERALD LUXEMBURG FUND, BANK AUSTRIA CREDITANSTALT, UNICREDIT S.A., PIONEER ALTERNATIVE INVESTMENTS, HSBC SECURITIES SERVICES, S.A., HAML, PAUL DE SURY, GABRIEL SAFDIE, WILLIAM A. JONES, HELMUTH E. FREY, ANDREAS PIRKNER, RICHARD GODDARD, ERNST & YOUNG, FRIEHLING & HOROWITZ, PETER SCHEITHAUER,

*Defendants.*

## RULE 26.1 CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, Defendant-Appellee PricewaterhouseCoopers LLP ("PwC U.S."), by and through its undersigned counsel, hereby states that PwC U.S. is not a publicly held company and has no parent company. PwC U.S. further states that no publicly held company owns more than ten percent (10%) of PwC U.S.

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................iii

INTRODUCTION ........................................................................................ 1

COUNTERSTATEMENT OF ISSUES PRESENTED........................................ 2

COUNTERSTATEMENT OF THE CASE........................................................ 3

A.  Nature Of The Case ............................................................................ 3

B.  Course of Proceedings ........................................................................ 4

SUMMARY OF THE ARGUMENT ................................................................ 5

ARGUMENT ............................................................................................... 6

I.  THE COURT SHOULD AFFIRM THE DISTRICT COURT'S
DISMISSAL OF PLAINTIFF'S CLAIMS AGAINST PWC U.S. ON
THE BASIS OF *FORUM NON CONVENIENS* ........................................... 6

II.  THE COURT COULD ALSO AFFIRM THE DISTRICT COURT'S
DISMISSAL ON THE ALTERNATIVE GROUND THAT
PLAINTIFF FAILS TO STATE A CLAIM AGAINST PWC U.S. ............. 6

A.  Plaintiff Fails to State a Claim for Gross Negligence and
Negligence .................................................................................. 8

B.  Plaintiff Fails to State a Claim for Aiding and Abetting Breach
of Fiduciary Duty, Negligence, or Gross Negligence ....................... 11

C.  Plaintiff Fails to State a Claim for Unjust Enrichment .................... 13

D.  Plaintiff Lacks Standing to Assert Derivative Claims Against
PwC U.S. on Behalf of Thema .......................................................... 14

E.  All of Plaintiff's Claims Against PwC U.S. are Barred by the
Securities Litigation Uniform Standards Act ................................... 14

III.  PLAINTIFF CANNOT STATE FEDERAL SECURITIES LAW
CLAIMS AGAINST PWC U.S. ................................................................. 14

i

IV.   PLAINTIFF'S PROPOSED SETTLEMENT WITH THE HSBC
DEFENDANTS HAS NO EFFECT ON THE DISMISSAL OF
CLAIMS AGAINST PWC U.S. ................................................................. 16

CONCLUSION ..................................................................................................... 16

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573 (2d Cir. 2006) ...........................................................................13

*Credit Alliance Corp. v. Arthur Andersen Co.*, 483 N.E.2d 110 (N.Y. 1985) .........8

*CRT Investments, Ltd. v. BDO Seidman, LLP*, 925 N.Y.S.2d 439 (1st Dep't 2011) ...........................................................................................................10

*Equitable Life Assur. Soc. of U.S. v. Alexander Grant & Co.*, 627 F. Supp. 1023 (S.D.N.Y. 1985). .......................................................................................11

*Georgia Malone & Co., Inc. v. Rieder*, 2012 N.Y. Slip Op. 05200, 2012 WL 2428246 (N.Y. June 28, 2012)........................................................................14

*Hydro Investors, Inc. v. Trafalgar Power Inc.*, 227 F.3d 8 (2d Cir. 2000) .............11

*IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 907 N.E.2d 268 (N.Y. 2009) ...........................................................................................................13

*In re Bayou Hedge Funds Inv. Litig.*, 472 F. Supp. 2d 528 (S.D.N.Y. 2007) .........13

*Int'l Bus. Machines Corp. v. Liberty Mut. Ins. Co.*, 363 F.3d 137 (2d Cir. 2004) ..............................................................................................................7

*Kaufman v. Cohen*, 760 N.Y.S.2d 157 (1st Dep't 2003) .........................................12

*Leecan v. Lopes*, 893 F.2d 1434 (2d Cir. 1990), *cert. denied*, 469 U.S. 929 (1990)..............................................................................................................7

*Meridian Horizon Fund, L.P. v. KPMG (Cayman)*, No. 11-3311-cv, 2012 WL 2754933 (2d Cir. July 10, 2012)................................................... 6, 8, 10, 12

*Morrison v. Nat'l Australia Bank Ltd.*, 130 S. Ct. 2869 (2010) ..............................15

*Parrott v. Coopers & Lybrand, L.L.P.*, 741 N.E.2d 506 (N.Y. 2000)........................9

iii

*Sec. Pac. Bus. Credit, Inc. v. Peat Marwick Main & Co.*, 597 N.E.2d 1080
(N.Y. 1992) ............................................................................................8, 9

*Stephenson v. PricewaterhouseCoopers LLP*, No. 11-1204-cv, 2012 WL
1764191 (2d Cir. May 18, 2012, *as amended* June 13, 2012)................ 10, 11, 12

*Sykes v. RFD Third Ave. 1 Associates, LLC*, 938 N.E.2d 325 (N.Y. 2010) ..............9

**Statutes and Rules**

28 U.S.C. § 1658(b) .................................................................................................15

28 U.S.C. § 1658(b)(1).......................................................................................... 5, 15

Fed. R. Civ. P. 12(b)(6).........................................................................................2, 4

**INTRODUCTION**

Defendant-Appellee PricewaterhouseCoopers LLP ("PwC U.S.")

respectfully submits this brief in opposition to the appeal of Plaintiff-Appellant

Neville Seymour Davis relating to the Thema International Fund plc ("Thema").

This is a putative class action on behalf of foreign investors in Thema, an

investment fund located in Dublin and organized under Irish law.  (*See* Compl.

¶¶ 1, 27 (A-1821, 1829).)[1]  Thema placed its assets with Bernard L. Madoff

Investment Securities LLC ("Madoff"), and plaintiffs now seek to recover losses

they allegedly suffered due to Madoff's well-chronicled theft.  In this lawsuit,

plaintiff is suing Thema, its foreign directors and an array of Thema's foreign

professional service providers.  In an effort to avoid dismissal under the doctrine of

*forum non conveniens*, plaintiff has also asserted claims against affiliates of certain

of Thema's foreign service providers, including against the U.S. affiliate of

Thema's auditor, PricewaterhouseCoopers Ireland ("PwC Ireland").

Plaintiff does not allege that PwC Ireland's U.S. affiliate, PwC U.S., was

ever engaged by Thema, ever issued any audit opinions relating to Thema or ever

had any contact with Thema's investors or even knew who any of them were.

Plaintiff alleges that a partner of PwC U.S. attended two meetings with Madoff,

---

[1] References to the Joint Appendix filed in the consolidated appeals on April 18, 2012 are cited as "A-___".

1

and that a summary of those meetings was obtained by PwC Ireland. The uncontroverted declarations in the record make clear that neither the partner nor anyone within PwC U.S. discussed the meetings with PwC Ireland, either before or after the fact. In any event, PwC U.S. owed plaintiffs no duty and plaintiffs did not rely on (nor could they have) PwC U.S., with whom they had no contact, communication, or interaction.

This matter should be adjudicated in Ireland, where Thema is located and operated and where its professionals were engaged and performed services. To the extent this Court does not affirm the District Court's decision to that effect, the claims against PwC U.S. should nonetheless be dismissed as they are groundless.

## COUNTERSTATEMENT OF ISSUES PRESENTED

1.  Whether the District Court abused its discretion in dismissing this case on the basis of *forum non conveniens*.

2.  Whether the complaint should be dismissed as against PwC U.S. under Rule 12(b)(6) for failure to state a claim.

## COUNTERSTATEMENT OF THE CASE

### A.    Nature Of The Case

Plaintiff alleges that PwC Ireland audited Thema and negligently issued unqualified audit opinions on its annual financial statements.  (Compl. ¶¶ 43, 429 (A-1834, 1938).)  There is no allegation in the Complaint that PwC U.S. was ever retained to audit, or issued any audit opinions, with respect to Thema.  Plaintiff alleges only that a PwC U.S. partner, along with an employee of PwC Bermuda, attended two meetings with Madoff in 2004 and 2006, summaries of which were communicated in written form to PwC Ireland, as well as other audit firms having no involvement with Thema.  (*Id.* ¶¶ 114-15 (A-1852, 1853).)

Plaintiff alleges that PwC Ireland, PwC U.S. and PwC Bermuda ignored various alleged red flags surrounding Madoff and should have discovered his massive fraud.  (*Id.* ¶¶ 10, 431-32 (A-1823, 1939).)  Plaintiff also claims that PwC U.S. aided and abetted breaches of fiduciary duties owed to Thema's investors by various other defendants.  (*Id.* ¶ 519 (A-1957).)  However, there are no allegations whatsoever in the Complaint that PwC U.S. had any contact or interaction with the Thema investors or a relationship with the Thema fund.

PwC Ireland and PwC U.S. are members of the international PricewaterhouseCoopers network of firms.  (MacMahon Decl. ¶ 8 (A-3364).)  Each member firm operates as a separate legal entity, with separate ownership,

3

management and profits. (*Id.*) PwC Ireland is a partnership organized under Irish law, with offices located only in Ireland, where it audited Thema's financial statements and drafted and signed its audit opinions. (Compl. ¶ 43 (A-1834); MacMahon Decl. ¶ 4 (A-3363); Weldon Decl. ¶ 5 (A-3369).) There is no allegation that PwC U.S. directed or knew how the information obtained during the two meetings attended by one of its partners would be used, if at all, by PwC Ireland in connection with PwC Ireland's audits of Thema.

### B. Course of Proceedings

PwC U.S. incorporates by reference the discussion of the course of proceedings set forth in the Joint Brief for Defendants-Appellees UniCredit S.p.A., William Fry and Sonja Kohn in the Thema action. As is relevant to the arguments in the instant brief, PwC U.S. and the other defendants in the action moved to dismiss this case on June 29, 2011. PwC U.S. argued that plaintiff's complaint should be dismissed on the basis of *forum non conveniens* in favor of Ireland and that plaintiff further failed to state a claim upon which relief can be granted against PwC U.S pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On November 29, 2011, the District Court dismissed the claims against PwC U.S. on the basis of *forum non conveniens*, holding that Ireland was the proper forum for plaintiff to pursue his claims. Having dismissed the case on *forum non conveniens*

grounds, the District Court did not address whether the allegations against PwC U.S. stated valid claims for relief.

## SUMMARY OF THE ARGUMENT

The District Court's decision to dismiss plaintiff's claims on the basis of *forum non conveniens* should be affirmed by this Court. The District Court engaged in reasoned analysis and reached conclusions that are well-supported by the facts and relevant law, and thus clearly did not abuse its discretion in finding that the United States is not an appropriate forum for this case. The Court may also affirm the dismissal as to PwC U.S. on the alternative ground that plaintiff fails to state a viable claim against PwC U.S. Plaintiff's claims of negligence, aiding and abetting breach of fiduciary duty, and unjust enrichment are each legally insufficient with respect to PwC U.S. The lack of a connection between the purported class and PwC U.S., not to mention the inability of plaintiff to allege reliance on PwC U.S., are fatal to plaintiff's claims. Finally, to the extent plaintiff's request to amend his complaint in order to add a federal securities claim is targeted at PwC U.S., it should be denied as futile by the Court because (1) this action involves only extraterritorial transactions and (2) any such claim against PwC U.S. would be time-barred under 28 U.S.C. § 1658(b)(1). For these reasons, as well as those set forth in the Joint Brief for Defendants-Appellees UniCredit S.p.A., William Fry and Sonja Kohn in the Thema action and the Brief for

Defendant-Appellee PricewaterhouseCoopers Ireland, which are incorporated

herein, the Court should affirm the District Court's dismissal of all claims against

PwC U.S.

## ARGUMENT

## I. THE COURT SHOULD AFFIRM THE DISTRICT COURT'S DISMISSAL OF PLAINTIFF'S CLAIMS AGAINST PWC U.S. ON THE BASIS OF *FORUM NON CONVENIENS*

For the reasons set forth in Section I of the Joint Brief for Defendants-

Appellees UniCredit S.p.A., William Fry and Sonja Kohn in the Thema action,

which is incorporated herein by reference, the Court should affirm the District

Court's dismissal of plaintiff's claims on the basis of *forum non conveniens*.

## II. THE COURT COULD ALSO AFFIRM THE DISTRICT COURT'S DISMISSAL ON THE ALTERNATIVE GROUND THAT PLAINTIFF FAILS TO STATE A CLAIM AGAINST PWC U.S.

Plaintiff's proposed Second Amended Complaint (the "Complaint")

included the following claims asserted against PwC U.S.[2]:  gross negligence and

---

[2] Although PwC U.S. submits that the claims against it are governed by Irish law, this Court may nonetheless apply New York law in its analysis since, as set forth in Section III of the Brief for Defendant-Appellee PricewaterhouseCoopers Ireland, which is incorporated herein, there is no substantive difference between Irish and New York law regarding the relevant claims, and "[i]n the absence of substantive difference . . . a New York court will dispense with choice of law analysis . . . and if New York law is among the relevant choices, New York courts are free to apply it." *Meridian Horizon Fund, L.P. v. KPMG (Cayman)*, No. 11-3311-cv, 2012 WL 2754933, at *3 n.2 (2d Cir. July 10, 2012) (quoting *Int'l Bus. Machines Corp. v.*

negligence (Count 1); professional negligence (Count 9); aiding and abetting gross negligence and negligence (Count 11); aiding and abetting breaches of fiduciary duty (Count 15); and unjust enrichment (Count 19). Plaintiff asserts all of these claims directly, on his own behalf. In the alternative, plaintiff purports to bring some of them derivatively, on behalf of Thema (Counts 2, 10 and 12). (*See* Compl. ¶¶ 396-97 (A-1931).)[3]

Each one of the claims asserted by plaintiff assumes *a priori* the existence of a relationship between plaintiff—an investor in Thema—and PwC U.S. (or, for the derivative claims, a relationship between PwC U.S. and Thema itself). However, since PwC U.S. was never engaged by Thema, did not audit Thema and did not have any contact at all with its investors, it is undisputed that no such relationship exists.

Since plaintiff fails to state a claim against PwC U.S. under New York law, the Court can affirm the District Court's dismissal on this ground as well. *See Leecan v. Lopes*, 893 F.2d 1434, 1439 (2d Cir. 1990), *cert. denied*, 469 U.S. 929 (1990) ("We note in this regard that we are free to affirm an appealed decision on

_____

*Liberty Mut. Ins. Co.*, 363 F.3d 137, 143 (2d Cir. 2004)). As such, this brief analyzes plaintiff's claims through the lens of New York law.

[3] The standard of review applicable to plaintiff's claims is discussed in Section III of the Brief for Defendant-Appellee PricewaterhouseCoopers Ireland, which is incorporated herein by reference.

any ground which finds support in the record, regardless of the ground upon which the trial court relied."). This is precisely the course this Court recently took in another Madoff-related case against KPMG, dismissing the claims against KPMG on appeal on alternate grounds not reached by the district court—namely, failure to satisfy the near-privity requirements for third-party claims against a professional. *See Meridian Horizon Fund, L.P. v. KPMG (Cayman)*, No. 11-3311-cv, 2012 WL 2754933, at *4 (2d Cir. July 10, 2012).

## A. Plaintiff Fails to State a Claim for Gross Negligence and Negligence

Plaintiff's negligence-based claims against PwC U.S. must be dismissed because plaintiff fails to allege or establish that he had a sufficiently close relationship—or, for that matter, any relationship *whatsoever*—with PwC U.S. Under New York law, a non-contractual party such as plaintiff may only assert a claim of negligence against an accountant when the two are in a relationship that is "sufficiently approaching privity." *Sec. Pac. Bus. Credit, Inc. v. Peat Marwick Main & Co.*, 597 N.E.2d 1080, 1081 (N.Y. 1992). Under the rigorous standard set forth in *Credit Alliance Corp. v. Arthur Andersen Co.*, 483 N.E.2d 110, 118 (N.Y. 1985), plaintiff must allege the following in order to establish such a relationship: (1) that the accountant was aware that the financial reports at issue were to be used by the plaintiff for a particular purpose; (2) that the plaintiffs were "known parties" whom the accountant intended would rely on those financial reports in furtherance

8

of that particular purpose; and (3) that there was some linking conduct on the part of the accountant indicating that the accountant was aware of, and understood the nature of, plaintiff's reliance on the financial reports. *See Sec. Pac. Bus. Credit,* 597 N.E.2d at 1083.

As discussed in Section III(B) of the Brief for Defendant-Appellee PricewaterhouseCoopers Ireland, which PwC U.S. incorporates by reference herein, plaintiff cannot satisfy any of the *Credit Alliance* factors with respect to Thema's auditor, PwC Ireland. Plaintiff's claim is even more attenuated with respect to PwC U.S., which was never engaged by Thema, did not audit Thema and whose only connection to this action is the alleged attendance by one of its partners, along with an employee of PwC Bermuda, at two meetings with Madoff. First, plaintiff's claim fails because he does not allege that PwC U.S. was aware of any particular purpose for which PwC Ireland's audit opinions, or any procedures conducted at the meetings, were to be used by investors (or that PwC Ireland was even aware of such a purpose), beyond investors' generalized investment decisions. *See Parrott v. Coopers & Lybrand, L.L.P.*, 741 N.E.2d 506, 508-09 (N.Y. 2000). Second (and independently), plaintiff fails to allege that he, or any Thema investor, was a specific "known party" to PwC U.S. or even to PwC Ireland, which had a contractual relationship only with the Thema fund. *See Sykes v. RFD Third Ave. 1 Associates, LLC*, 938 N.E.2d 325, 327 (N.Y. 2010). Third,

9

there is no linking conduct alleged (nor could there be) between PwC U.S. and
plaintiff or the purported class. PwC U.S. did not sign, send or address any audit
opinions to Thema's investors, which conduct itself would not even be sufficient
under the linking conduct prong of *Credit Alliance*. Plaintiff further fails to allege
that PwC U.S. had any other form of direct or indirect contact with Thema's
investors, which is fatal to his claim. *See CRT Investments, Ltd. v. BDO Seidman,
LLP*, 925 N.Y.S.2d 439, 441 (1st Dep't 2011).

Plaintiff's negligence claims against PwC U.S. thus do not come close to
satisfying the *Credit Alliance* test, as this Court's holding in *Meridian*, *see* 2012
WL 2754933, at *4, further confirms. Indeed, *Meridian* highlights the fatal flaws
in plaintiff's claims against PwC U.S. In *Meridian*, claims against auditors of the
Tremont funds were dismissed because of the lack of the requisite close
relationship between the auditors and the funds' investors. This Court reasoned
that the claims were flawed because the auditor entities were not "aware of the
identities of the specific nonprivy parties" who would be relying upon the reports
issued and did not have "any form of direct contact" with the investors. *Id.*[4]

---

[4] *See also Stephenson v. PricewaterhouseCoopers LLP*, No. 11-1204-cv, 2012
WL 1764191, at *3 (2d Cir. May 18, 2012, *as amended* June 13, 2012) (affirming
dismissal of claims against auditors of Madoff "feeder fund" for failure to satisfy
*Credit Alliance* factors).

10

The claims asserted here against PwC U.S. present an *a fortiori* case for dismissal under this Court's analysis in *Meridian*. Not only did PwC U.S. not know the identity of the Thema investors, or have any contact or communication with any of them, PwC U.S. was not Thema's auditor, was never engaged by Thema to do anything, and was not known to Thema's investors. For these reasons, as well as the reasons set forth in Section III(B) of the Brief for Defendant-Appellee PricewaterhouseCoopers Ireland, plaintiff fails to state a claim of negligence, gross negligence,[5] or professional negligence[6] against PwC U.S.

## B. Plaintiff Fails to State a Claim for Aiding and Abetting Breach of Fiduciary Duty, Negligence or Gross Negligence

Plaintiff fails to state a claim for aiding and abetting any primary violation against PwC U.S. To state such a claim under New York law, a plaintiff must allege (1) an underlying breach of which the aider and abettor had actual knowledge; (2) knowing inducement or participation by the defendant; and (3)

---

[5] New York does not recognize a cause of action for gross negligence against accountants. *See Equitable Life Assur. Soc. of U.S. v. Alexander Grant & Co.*, 627 F. Supp. 1023, 1031 (S.D.N.Y. 1985). For this reason, and for the reasons set forth in this section, plaintiff fails to state a claim for gross negligence against PwC U.S.

[6] Because professional negligence is a "species" of negligence, *see Stephenson*, 2012 WL 1764191, at *1 n.2 (citing *Hydro Investors, Inc. v. Trafalgar Power Inc.*, 227 F.3d 8, 15 (2d Cir. 2000)), plaintiff's professional negligence claim against PwC U.S. should be dismissed for the reasons set forth in this section.

resulting damage to the plaintiff. *See Kaufman v. Cohen*, 760 N.Y.S.2d 157, 169 (1st Dep't 2003).

Plaintiff conclusorily alleges that "defendants" had actual knowledge of the primary violations committed by other defendant groups. (*See* Compl. ¶¶ 62-63, 496, 519 (A-1840, 1951, 1957).) However, it cannot allege that PwC U.S., which was not Thema's auditor and had no relationship with the Thema fund, knew of the alleged breaches of fiduciary duties owed to the Thema investors by various parties. Plaintiff further identifies "red flags" which defendants allegedly should have spotted—in the case of PwC U.S., presumably at one of its partner's two meetings with Madoff. However, such "red flag" allegations have been repeatedly rejected by courts in similar Madoff-related cases, which have found them insufficient to constitute actual knowledge. *See Meridian,* 2012 WL 2754933, at *5; *see also Stephenson*, 2012 WL 1764191, at *3-4. Plaintiff further has not alleged in what manner PwC U.S. provided "substantial assistance," or even identified which specific primary violations it allegedly assisted. For these reasons, as well as the reasons set forth in Section III(C) of the Brief for Defendant-Appellee PricewaterhouseCoopers Ireland, which is incorporated by

reference herein, plaintiff fails to state an aiding and abetting claim against PwC U.S.[7]

## C.  Plaintiff Fails to State a Claim for Unjust Enrichment

Plaintiff has failed to state a claim against PwC U.S. for unjust enrichment. To state a claim, plaintiff must establish that (1) the defendant benefitted; (2) that the benefit came at plaintiff's expense; and (3) that equity and good conscience require restitution.  *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 586 (2d Cir. 2006).  First, plaintiff's claim is premised on fees paid to PwC Ireland pursuant to a written agreement between Thema and PwC Ireland.  Plaintiff does not allege that he—as opposed to the Thema fund—paid fees in connection with the audit of the Thema fund, much less that he paid any fees to PwC U.S., so cannot show that he bestowed a benefit of the direct type required to sustain an unjust enrichment claim.  *See IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 907 N.E.2d 268, 274 (N.Y. 2009).

Although an unjust enrichment claim does not require there to be privity between the parties, a plaintiff must still allege a "sufficiently close relationship"

---

[7] For the reasons stated in this section, and on the independent ground that causes of action for aiding and abetting negligence and gross negligence are not recognized under New York law, plaintiff's claims for aiding and abetting negligence and gross negligence must fail.  *See In re Bayou Hedge Funds Inv. Litig.*, 472 F. Supp. 2d 528, 532 (S.D.N.Y. 2007).

with the defendant. *Georgia Malone & Co., Inc. v. Rieder*, 2012 N.Y. Slip Op. 05200, at *4-6, 2012 WL 2428246 (N.Y. June 28, 2012). Because no such relationship exists between plaintiff and PwC U.S., and for the reasons set forth in Section III(D) of the Brief for Defendant-Appellee PricewaterhouseCoopers Ireland, which is incorporated herein by reference, plaintiff fails to state a claim for unjust enrichment against PwC U.S.

## D. Plaintiff Lacks Standing to Assert Derivative Claims Against PwC U.S. on Behalf of Thema

For the reasons set forth in Section III(E) of the Brief for Defendant-Appellee PricewaterhouseCoopers Ireland and Section II(A) of the Joint Brief for Defendants-Appellees UniCredit S.p.A., William Fry and Sonja Kohn in the Thema action, which are each incorporated herein by reference, plaintiff lacks standing to assert derivative claims against PwC U.S. on behalf of Thema.

## E. All of Plaintiff's Claims Against PwC U.S. are Barred by the Securities Litigation Uniform Standards Act ("SLUSA")

For the reasons set forth in Section II(B) of the Joint Brief for Defendants-Appellees UniCredit S.p.A., William Fry and Sonja Kohn in the Thema action, each of plaintiff's claims against PwC U.S. are barred by SLUSA.

## III. PLAINTIFF CANNOT STATE FEDERAL SECURITIES LAW CLAIMS AGAINST PWC U.S.

In his appeal brief, plaintiff seeks leave to add a federal securities claim. (*See* Pl.'s Br. 96.) Plaintiff did not assert a federal securities law claim against

14

PwC U.S. in its Amended Class Action Complaint, dated February 11, 2010,[8] nor

did it propose to add such claims against PwC U.S. in its proposed Second

Amended Complaint.  For the reasons set forth in Section III of the Joint Brief for

Defendants-Appellees UniCredit S.p.A., William Fry and Sonja Kohn in the

Thema action, which is incorporated herein by reference, the transactions at issue

here fail under *Morrison v. Nat'l Australia Bank Ltd.*, 130 S. Ct. 2869 (2010).  In

any event, any effort to assert such a claim against PwC U.S. now would be time-

barred under the statute of limitations for federal securities law claims, which is the

earlier of:  two years after discovery of facts constituting the violation, or five

years after such violation.  *See* 28 U.S.C. § 1658(b).  Plaintiff has been on notice of

the facts that would serve as the basis for a federal securities claim since at least

May 4, 2009—the date on which he filed a motion to be named lead plaintiff in the

case that later became the instant action.  *See* Memorandum of Law in Support of

the Foxton Group's Motion to Consolidate, to be Appointed Lead Plaintiff, and for

Approval of its Selection of Lead And Liaison Counsel, *Perrone v. Benbassat, et

al.*, No. 09-cv-2558 (S.D.N.Y. May 4, 2009).  Well over two years have elapsed

since then, so plaintiff is time-barred under 28 U.S.C. § 1658(b)(1) from asserting

---

[8] Plaintiff asserted federal securities law claims against certain other
defendants, but subsequently withdrew those claims.

any federal securities claims against PwC U.S. relating to the loss of his investment in Thema.

For these reasons, as well as the reasons set forth in Section III of the Joint Brief for Defendants-Appellees UniCredit S.p.A., William Fry and Sonja Kohn in the Thema action, which is incorporated herein by reference, plaintiff should not be permitted to assert federal securities claims in this action, and the Court should deny his request to amend the Complaint as futile.

## IV.  PLAINTIFF'S PROPOSED SETTLEMENT WITH THE HSBC DEFENDANTS HAS NO EFFECT ON THE DISMISSAL OF CLAIMS AGAINST PWC U.S.

For the reasons set forth in Section IV of the Joint Brief for Defendants-Appellees UniCredit S.p.A., William Fry and Sonja Kohn in the Thema action, plaintiff cannot argue that the District Court's denial of his motion for preliminary approval of his proposed partial settlement agreement with certain other defendants has any effect on the dismissal of claims against PwC U.S.

## CONCLUSION

For the foregoing reasons, the District Court's decision dismissing all claims against PwC U.S. should be affirmed.

Dated:  July 24, 2012

Respectfully submitted,


By:   /s/ Michael S. Flynn
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Michael P. Carroll
James H.R. Windels
Michael S. Flynn
450 Lexington Avenue
DAVIS POLK & WARDWELL LLP
New York, New York  10017
(212) 450-4000 (telephone)
(212) 701-5800 (facsimile)
michael.carroll@davispolk.com
james.windels@davispolk.com
michael.flynn@davispolk.com

*Attorneys for Defendant-Appellee*
*PricewaterhouseCoopers LLP*

## CERTIFICATE OF COMPLIANCE PURSUANT TO FED. R. APP. P. 32(a)(7)(C)

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 3,723 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii). This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Office Word 2003 in 14-point Times New Roman type style.

Dated: July 24, 2012

By: /s/ Michael S. Flynn
Michael S. Flynn