# 12-156-cv

## 12-162-cv (Consol.)

In The

### United States Court of Appeals

For The Second Circuit

Dana Trezziova, Neville Seymour Davis,

*Plaintiffs-Appellants,*

Repex Ventures S.A., on behalf of itself and all others similarly situated,
Schmuel Cabilly, Shmuel Cabilly, Korea Exchange Bank,

*Plaintiffs,*

v.

Sonja Kohn, Primeo Select Fund, Primeo Executive Fund, Hannes Saleta,

*Defendants-Appellees,*

[remainder of caption appears on inside cover]

On Appeal From the United States District Court
for the Southern District of New York

## BRIEF FOR DEFENDANT-APPELLEE
## PRICEWATERHOUSECOOPERS BERMUDA

Sanford M. Litvack
Dennis H. Tracey, III
Lisa J. Fried
Hogan Lovells US LLP
875 Third Avenue
New York, NY 10022
(212) 918-3000
*Attorneys for Defendant-Appellee*

[caption continued from front cover]

ERNST & YOUNG GLOBAL LIMITED, HSBC SECURITIES SERVICES (LUXEMBURG) S.A., HSBC HOLDINGS PLC, BANK MEDICI, UNICREDIT, BANK AUSTRIA, PIONEER GLOBAL ASSET MANAGEMENT S.P.A., ALFRED SIMON, KARL E. KANIAK, HANS-PETER TIEFENBACHER, JOHANNES P. SPALEK, NIGEL H. FIELDING, JAMES E. O'NEILL, ALBERTO LAROCCA, DECLAN MURRAY, URSULA RADEL-LESZCYNSKI, MICHAEL WHEATON, BA WORLDWIDE FUND MANAGEMENT, LTD., PIONEER ALTERNATIVE INVESTMENT MANAGEMENT LTD., BANK OF BERMUDA (CAYMAN) LIMITED, BANK OF BERMUDA (LUXEMBOURG) S.A., BANK OF BERMUDA LIMITED, ERNST & YOUNG (CAYMAN), ALBERTO BENBASSAT, STEPHANE BENBASSAT, GENEVALOR, BENBASSAT & CIE, GERALD J.P. BRADY, JOHN HOLLIWELL, SONJA KOHN, DANIEL MORRISSEY, DAVID T. SMITH, WERNER TRIPOLT, BANK MEDICI AG, UNICREDIT SPA, HSBC INSTITUTIONAL TRUST SERVICES (IRELAND) LTD., HSBC SECURITIES SERVICES (IRELAND) LTD., HSBC HOLDINGS PLC, PRICEWATERHOUSECOOPERS INTERNATIONAL LTD., PRICEWATERHOUSECOOPERS (DUBLIN), PRICEWATERHOUSECOOPERS LLP, PRICEWATERHOUSECOOPERS BERMUDA, THEMA ASSET MANAGEMENT LIMITED, BA WORLDWIDE FUND MANAGEMENT LIMITED, PETER MADOFF, ANDREW MADOFF, MARK MADOFF, WILLIAM FRY, JP MORGAN CHASE & CO., BANK OF NEW YORK MELLON, HERALD (LUX), MESSRS. FERDINAND BURG AND CARLO REDING, THE COURT APPOINTED LIQUIDATORS FOR HERALD (LUX), HERALD ASSET MANAGEMENT LIMITED, UNICREDIT BANK AUSTRIA AG, HERALD USA FUND, THEMA INTERNATIONAL FUND PLC, ERNST & YOUNG S.A., FRIEDRICH PFEFFER, FRANCO MUGNAI, THEMA INTERNATIONAL FUND PLC,

*Defendants – Appellees,*

BERNARD L. MADOFF, BERNARD L. MADOFF INVESTMENT SECURITIES, BANK MEDICI S.A., PETER SCHEITHAUER, HERALD LUXEMBURG FUND, BANK AUSTRIA CREDITANSTALT, UNICREDIT S.A., PIONEER ALTERNATIVE INVESTMENTS, HSBC SECURITIES SERVICES, S.A., HAML, PAUL DE SURY, GABRIEL SAFDIE, WILLIAM A. JONES, HELMUTH E. FREY, ANDREAS PIRKNER, RICHARD GODDARD, ERNST & YOUNG, FRIEHLING & HOROWITZ, PETER SCHEITHAUER,

*Defendants.*

# RULE 26.1 CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, Defendant-Appellee PricewaterhouseCoopers Bermuda ("PwC Bermuda"), by and through its undersigned counsel, hereby states that PwC Bermuda is not a publicly held company and has no parent company.  PwC Bermuda further states that no publicly-held company owns more than ten percent (10%) of PwC Bermuda.

# TABLE OF CONTENTS

**Page**

Introduction ........................................................................................1

Counterstatement of Issues Presented ...................................................2

Counterstatement of the Case..............................................................3

      A.    Nature Of The Case ...................................................3

      B.    Course of Proceedings ..............................................4

Summary Of The Argument...................................................................4

Argument............................................................................................5

    I.     THE COURT SHOULD AFFIRM THE DISTRICT COURT'S DISMISSAL OF PLAINTIFF'S CLAIMS AGAINST PWC BERMUDA ON THE BASIS OF *FORUM NON CONVENIENS* ...................................................................5

    II.    IN THE ALTERNATIVE, THE COURT SHOULD AFFIRM THE DISTRICT COURT'S DISMISSAL BECAUSE THE COMPLAINT FAILED TO STATE A CLAIM AGAINST PWC BERMUDA...............................................................6

      A.    Plaintiff Failed to State a Claim for Gross Negligence or Negligence..............................................................7

      B.    Plaintiff Failed to State a Claim for Aiding and Abetting Breach of Fiduciary Duty, Negligence or Gross Negligence..............................................................9

      C.    Plaintiff Failed to State a Claim for Unjust Enrichment ..........10

      D.    Plaintiff Lacks Standing to Bring Derivative Claims Against PwC Bermuda on Behalf of Thema ...........................10

i

     E.    Plaintiff's Claims Against PwC Bermuda are Barred by the Securities Litigation Uniform Standards Act ("SLUSA") ............................................................................11

III.    PLAINTIFF CANNOT STATE FEDERAL SECURITIES LAW CLAIMS AGAINST PWC BERMUDA .................................11

IV.    PLAINTIFF'S PROPOSED SETTLEMENT WITH THE HSBC DEFENDANTS HAS NO EFFECT ON THE DISMISSAL OF CLAIMS AGAINST PWC BERMUDA................11

Conclusion..........................................................................................................12

\\NY - 034675/000004 - 2404798 v2

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*,
448 F.3d 573 (2d Cir. 2006)..............................................................................10

*Credit Alliance Corp. v. Arthur Andersen Co.*,
483 N.E.2d 110 (N.Y. 1985)...............................................................................8

*IDT Corp. v. Morgan Stanley Dean Witter & Co.*,
907 N.E.2d 268 (N.Y. 2009)...........................................................................10

*In re Bayou Hedge Funds Inv. Litig.*,
472 F. Supp. 2d 528 (S.D.N.Y. 2007) ...............................................................9

*Kaufman v. Cohen*,
760 N.Y.S.2d 157 (1st Dep't 2003)....................................................................9

*Leecan v. Lopes*,
893 F.2d 1434 (2d Cir. 1990), *cert. denied*, 496 U.S. 929 (1990).......................7

*Meridian Horizon Fund, L.P. v. KPMG (Cayman)*,
No. 11-3311-cv, 2012 WL 2754933 (2d Cir. July 10, 2012) .....................6, 8, 9

*Sec. Pac. Bus. Credit, Inc. v. Peat Marwick Main & Co.*,
597 N.E.2d 1080 (N.Y. 1992) ...........................................................................7

*Stephenson v. PricewaterhouseCoopers LLP*,
No. 11-1204-cv, 2012 WL 1764191 (2d Cir. May 18, 2012, *as amended*
June 13, 2012)...............................................................................................8, 9

## Other Authorities

Fed. R. Civ. P. 12(b)(6).................................................................................2, 4, 7

\\NY - 034675/000004 - 2404798 v2

# INTRODUCTION

Defendant-Appellee PricewaterhouseCoopers Bermuda ("PwC Bermuda") respectfully submits this brief in opposition to the appeal of Plaintiff-Appellant Neville Seymour Davis relating to the Thema International Fund plc ("Thema").

Plaintiff is a foreign investor in Thema, an investment fund organized under Irish law and located in Dublin, which turned its investors' money over to Bernard L. Madoff Investment Securities LLC ("Madoff"). When it became clear that Madoff had stolen the money as part of his infamous Ponzi scheme, plaintiff sought to sue Thema, its directors and various of Thema's foreign professional service providers in the Southern District of New York. Upon motion by PwC Bermuda and other defendants, the District Court correctly concluded that since Thema is located and operated in Ireland, and its professionals performed their services for the fund in that country, any action would more appropriately be adjudicated in Ireland. Accordingly, the District Court dismissed the claims against PwC Bermuda and others on the basis of *forum non conveniens*. That judgment should be affirmed.

Beyond that, Plaintiff's complaint was defective as to PwC Bermuda for another reason: it did not, and could not, allege that PwC Bermuda was ever engaged by Thema, ever issued any audit opinions relating to Thema or had any interaction with Thema or its investors. Rather, plaintiff sued PwC Bermuda on

the basis of an allegation that a PwC Bermuda employee participated in meetings with Madoff in connection with PwC Bermuda's audits of its client, an entity totally unrelated to Thema, and that the employee later provided a summary of those meetings to PricewaterhouseCoopers Ireland ("PwC Ireland"), Thema's auditor. These allegations fall far short of those necessary for a claim that PwC Bermuda owed Thema – let alone the fund's investors – any duty or that plaintiff would have been justified in relying on any representation made by PwC Bermuda. Accordingly, if this Court does not affirm on the basis of *forum non conveniens*, it should dismiss the complaint as against PwC Bermuda for failure to state a claim.[1]

## COUNTERSTATEMENT OF ISSUES PRESENTED

1.    Whether the District Court abused its discretion in dismissing this case on the basis of *forum non conveniens*.

2.    Whether the complaint should be dismissed as against PwC Bermuda under Rule 12(b)(6) for failure to state a claim.

---

[1] PwC Bermuda incorporates herein by reference the Joint Brief for Defendants-Appellees UniCredit S.p.A., William Fry and Sonja Kohn in the Thema action, the Brief for PricewaterhouseCoopers LLP ("PwC U.S.") and the Brief for PricewaterhouseCoopers Ireland ("PwC Ireland").

2

## COUNTERSTATEMENT OF THE CASE

### A. Nature Of The Case

Plaintiff alleged that PwC Ireland, in its capacity as Thema's auditor, negligently issued unqualified audit opinions regarding the fund's annual financial statements. (Compl. ¶¶ 43, 429 (A-1834, 1938).) [2] Plaintiff did not claim that PwC Bermuda was ever retained to, or did, audit Thema. Rather, he sued PwC Bermuda, alleging negligence, aiding and abetting breach of fiduciary duty and unjust enrichment, because a PwC Bermuda employee, along with a partner of PwC U.S., attended meetings with Madoff in 2004 and 2006 and provided written summaries of those meetings to PwC Ireland. (*Id.* ¶¶ 114-15 (A-1852, 1853).) Missing from the Complaint was any allegation that PwC Bermuda had any contact or interaction with Thema's investors or any relationship at all with the Thema fund. The Complaint likewise failed to allege that PwC Bermuda knew how PwC Ireland intended to or did use any of the information PwC Bermuda provided.

---

[2] References to the Joint Appendix filed in the consolidated appeals on April 18, 2012 are cited as "A-___".

3

## B.   Course of Proceedings

The course of proceedings is set forth in the Joint Brief for Defendants-Appellees UniCredit S.p.A., William Fry and Sonja Kohn in the Thema action, incorporated by reference herein.

Along with other defendants in this action, PwC Bermuda moved to dismiss the Complaint on June 29, 2011. PwC Bermuda argued that plaintiff's complaint should be dismissed on the basis of *forum non conveniens* and that plaintiff failed to state a claim upon which relief could be granted, pursuant to Fed. R. Civ. P. 12(b)(6).

On November 29, 2011, the District Court dismissed the claims against PwC Bermuda on the basis of *forum non conveniens*, holding that plaintiff's claims would more appropriately be adjudicated in Ireland. The District Court did not reach the question of whether the allegations against PwC Bermuda stated valid claims for relief.

## SUMMARY OF THE ARGUMENT

The District Court's decision dismissing all claims against PwC Bermuda should be affirmed on two separate grounds.

*First*, for the reasons stated in Section I of the Joint Brief for Defendants-Appellees UniCredit S.p.A., William Fry and Sonja Kohn in the Thema action,

4

which is incorporated herein by reference, the District Court did not abuse its discretion in dismissing the case on the basis of *forum non conveniens*.

*Second*, plaintiff failed to state a claim for relief against PwC Bermuda. PwC Bermuda was *not* the auditor of Thema and, indeed, had no connection whatsoever to members of the purported class. Accordingly, the claims of negligence, aiding and abetting breach of fiduciary duty and unjust enrichment were insufficient with respect to PwC Bermuda.

In addition, plaintiff should not be permitted to assert federal securities claims in this action, and the Court should deny the request to amend the Complaint as futile.

For these reasons, as well as those set forth in the Joint Brief for Defendants-Appellees UniCredit S.p.A., William Fry and Sonja Kohn in the Thema action and the Brief for PwC Ireland, which are incorporated herein, the Court should affirm the District Court's dismissal of all claims against PwC Bermuda.

## ARGUMENT

## I.   THE COURT SHOULD AFFIRM THE DISTRICT COURT'S DISMISSAL OF PLAINTIFF'S CLAIMS AGAINST PWC BERMUDA ON THE BASIS OF *FORUM NON CONVENIENS*

For the reasons set forth in Section I of the Joint Brief for Defendants-Appellees UniCredit S.p.A., William Fry and Sonja Kohn in the Thema action,

5

which is incorporated herein by reference, the Court should affirm the District Court's dismissal of plaintiff's claims on the basis of *forum non conveniens*.

## II.    IN THE ALTERNATIVE, THE COURT SHOULD AFFIRM THE DISTRICT COURT'S DISMISSAL BECAUSE THE COMPLAINT FAILED TO STATE A CLAIM AGAINST PWC BERMUDA

Plaintiff's proposed Second Amended Complaint included the following claims with respect to PwC Bermuda:  gross negligence and negligence (Count 1); professional negligence (Count 9); aiding and abetting gross negligence and negligence (Count 11); aiding and abetting breaches of fiduciary duty (Count 15); and unjust enrichment (Count 19).  Plaintiff sought to assert all of these claims directly, on his own behalf.  In the alternative, plaintiff purported to bring some of them derivatively, on behalf of Thema (Counts 2, 10 and 12).  (*See* Compl. ¶¶ 396-397 (A-1931).)[3]  However, each of these claims is undermined by the fact that

_____

[3] As discussed in Section III of the Brief for PwC Ireland, which is incorporated herein, Irish and New York law with respect to the relevant claims is essentially the same, so this brief assesses plaintiff's claims under New York law.  *See Meridian Horizon Fund, L.P. v. KPMG (Cayman)*, No. 11-3311-cv, 2012 WL 2754933, at *3 n.2 (2d Cir. July 10, 2012) ("In the absence of substantive difference . . . a New York court will dispense with choice of law analysis . . . and if New York law is among the relevant choices, New York courts are free to apply it.") (quotation marks and citation omitted).

6

PwC Bermuda had no relationship with – or duty to – Thema, let alone to the purported investor class.[4]

### A. Plaintiff Failed to State a Claim for Gross Negligence or Negligence

Plaintiff's failure to allege that he had any relationship whatsoever with PwC Bermuda is fatal to any claim that PwC Bermuda behaved negligently.[5]  Under New York law, a non-contractual party such as plaintiff may only assert a claim of negligence against an accountant when the two are in a relationship that is "sufficiently approaching privity."  *Sec. Pac. Bus. Credit, Inc. v. Peat Marwick Main & Co.*, 597 N.E.2d 1080, 1081 (N.Y. 1992).  To establish such a relationship under New York law, plaintiff would need to allege: (1) that the accountant was aware that the financial reports at issue were to be used by the plaintiff for a particular purpose; (2) that members of the purported class were "known parties" whom the accountant intended would rely on those financial reports in furtherance of that particular purpose; and (3) that there was some linking conduct on the part of the accountant indicating that the accountant was aware of and understood the

---

[4] Although the District Court did not reach PwC Bermuda's arguments pursuant to Fed. R. Civ. P. 12(b)(6), this Court is "free to affirm an appealed decision on any ground which finds support in the record."  *Leecan v. Lopes*, 893 F.2d 1434, 1439 (2d Cir. 1990), *cert. denied*, 496 U.S. 929 (1990).

[5] The standard of review applicable to plaintiff's claims is discussed in Section III of the Brief for PwC Ireland, which is incorporated herein by reference.

nature of plaintiff's reliance on the financial reports. *See Credit Alliance Corp. v. Arthur Andersen Co.*, 483 N.E.2d 110, 118 (N.Y. 1985).

As set forth in Section III(B) of the Brief for PwC Ireland, plaintiff cannot satisfy the *Credit Alliance* factors even with respect to PwC Ireland, Thema's auditor, let alone with respect to PwC Bermuda, a stranger to Thema. Indeed, this Court recently dismissed claims against auditors of another Madoff feeder fund because of the lack of the requisite close relationship between the feeder fund's auditor and the fund's investors. *See Meridian Horizon Fund*, 2012 WL 2754933, at * 4 (reasoning that auditor was not "aware of the identities of the specific nonprivy parties" who would rely upon the auditor's reports and did not have "any form of direct contact" with the investors). *See also Stephenson v. PricewaterhouseCoopers LLP*, No. 11-1204-cv, 2012 WL 1764191, at *3 n.4 (2d Cir. May 18, 2012, *as amended* June 13, 2012) (dismissing claims against auditors for failure to satisfy *Credit Alliance* factors).

PwC Bermuda is even further removed from the purported class of investors; PwC Bermuda was never engaged by Thema, did not audit Thema and had no knowledge of, nor any connection to, any of the investors in Thema. For those reasons, as well as the reasons set forth in Section III(B) of the Brief for PwC Ireland, plaintiff cannot assert any negligence-based claim against PwC Bermuda.

8

### B. Plaintiff Failed to State a Claim for Aiding and Abetting Breach of Fiduciary Duty, Negligence or Gross Negligence

Plaintiff cannot state a claim for aiding and abetting breach of fiduciary duty.[6] To state such a claim, plaintiff must allege (1) an underlying breach by a fiduciary; (2) the defendant's knowing inducement or participation in the breach; and (3) damage. *See Kaufman v. Cohen*, 760 N.Y.S.2d 157, 169 (1st Dep't 2003).

Plaintiff has not alleged any of these elements with respect to PwC Bermuda, save for a conclusory allegation that "defendants" had actual knowledge that other defendant groups breached their fiduciary duties. (*See* Compl. ¶¶ 62-3, 496, 519 (A-1840, 1951, 1957).) In addition, allegations of "red flags" such as those which defendants allegedly should have spotted, are patently insufficient to constitute actual knowledge for purposes of an aiding and abetting claim. *See Meridian*, 2012 WL 2754933, at *5; *Stephenson*, 2012 WL 1764191, at *3-4. For these reasons, as well as the reasons set forth in Section III(C) of the Brief for PwC Ireland, plaintiff has failed to state an aiding and abetting claim against PwC Bermuda.

---

[6] Plaintiff's claims for aiding and abetting negligence and gross negligence should be dismissed for the reasons stated in this section, as well as the independent ground that they are not recognized causes of action under New York law. *See In re Bayou Hedge Funds Inv. Litig.*, 472 F. Supp. 2d 528, 532 (S.D.N.Y. 2007).

9

### C.    Plaintiff Failed to State a Claim for Unjust Enrichment

There is no basis for a claim of unjust enrichment against PwC Bermuda. To state such a claim, "plaintiff must establish (1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution." *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 586 (2d Cir. 2006).   Plaintiff did not even claim that he paid fees in connection with the Thema audit, let alone that he paid any fees to PwC Bermuda.  Accordingly, plaintiff cannot establish that he provided PwC Bermuda with the type of benefit that could rise to an unjust enrichment claim. *See IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 907 N.E.2d 268, 274 (N.Y. 2009). For these reasons, and for those set forth in Section III(D) of the Brief for PwC Ireland, plaintiff's claim for unjust enrichment against PwC Bermuda fails.

### D.    Plaintiff Lacks Standing to Bring Derivative Claims Against PwC Bermuda on Behalf of Thema

For the reasons set forth in Section III(E) of the Brief for PwC Ireland and Section II(A) of the Joint Brief for Defendants-Appellees UniCredit S.p.A., William Fry and Sonja Kohn in the Thema action, plaintiff lacks standing to assert derivative claims against PwC Bermuda on behalf of Thema.

10

### E. Plaintiff's Claims Against PwC Bermuda are Barred by the Securities Litigation Uniform Standards Act ("SLUSA")

For the reasons set forth in Section II(B) of the Joint Brief for Defendants-Appellees UniCredit S.p.A., William Fry and Sonja Kohn in the Thema action, each of plaintiff's claims against PwC Bermuda are barred by SLUSA.

## III. PLAINTIFF CANNOT STATE FEDERAL SECURITIES LAW CLAIMS AGAINST PWC BERMUDA

For the reasons set forth in Section III of the Joint Brief for Defendants-Appellees UniCredit S.p.A., William Fry and Sonja Kohn in the Thema action and Section III of the Brief for PwC U.S, plaintiff should not be permitted to assert federal securities claims in this action, and the Court should deny his request to amend the Complaint as futile.

## IV. PLAINTIFF'S PROPOSED SETTLEMENT WITH THE HSBC DEFENDANTS HAS NO EFFECT ON THE DISMISSAL OF CLAIMS AGAINST PWC BERMUDA

For the reasons sets forth in Section IV of the Joint Brief for Defendants-Appellees UniCredit S.p.A., William Fry and Sonja Kohn in the Thema action, plaintiff cannot argue that the District Court's denial of his motion for preliminary approval of his proposed partial settlement agreement with certain other defendants has any effect on the dismissal of claims against PwC Bermuda.

11

## CONCLUSION

For the foregoing reasons, the District Court's decision dismissing all claims against PwC Bermuda should be affirmed.

Dated:      July 24, 2012

Respectfully submitted,

By:

_/s/ Sanford M. Litvack_

Sanford M. Litvack
Dennis H. Tracey, III
Lisa J. Fried

HOGAN LOVELLS US LLP
875 Third Avenue
New York, NY 10022
(212) 918-3000 (telephone)
(212) 918-3100 (facsimile)
sandy.litvack@hoganlovells.com
dennis.tracey@hoganlovells.com
lisa.fried@hoganlovells.com

*Attorneys for Defendant-Appellee*
*PricewaterhouseCoopers Bermuda*

12

## CERTIFICATE OF COMPLIANCE PURSUANT TO FED. R. APP. P. 32(a)(7)(C)

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 2,406 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Office 2010 in 14-point Times New Roman type style.

By: _____/s/  Lisa J. Fried_____
                    Lisa J. Fried

13

## <u>CERTIFICATE OF SERVICE & CM/ECF FILING</u>

### 12-156-cv(L)

  I hereby certify that I caused the foregoing Brief of Defendant-Appellee JP Morgan Chase & Co. to be served on all counsel via Electronic Mail generated by the Court's electronic filing system (CM/ECF) with a Notice of Docket Activity pursuant to Local Appellate Rule 25.1:

Timothy Joseph Burke
Stull, Stull & Brody
9430 Olympic Boulevard, Suite 400
Beverly Hills, CA 90212
310-209-2468

Albert Y. Chang
Johnson Bottini, LLP
501 West Broadway, Suite 1720
San Diego, CA 92101
619-230-0063

Joseph David Daley
Amanda M. Frame
Eric Alan Isaacson
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
619-231-1058

*Attorneys for Plaintiffs-Appellants*

Nathan Daniel Adler
Price Owen Gielen
Direct: 410-332-8516
Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.
1 South Street, 27th Floor
Baltimore, MD 21202
*Attorneys for Defendant-Appellee*
*Sonja Kohn*

Antony Ryan
Cravath, Swaine & Moore LLP
825 8th Avenue
New York, NY 10019
212-474-1000
*Attorneys for Defendant-Appellee*
*Pricewaterhousecoopers (Dublin)*

Michael P. Carroll
Michael Sean Flynn
James William Haldin
James H.R. Windels
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
212-450-4000
*Attorneys for Defendant-Appellee*
*PriceWaterhouseCoopers LLP*

PATRICIA M. HYNES
ANDREW RHYS DAVIES
LAURA R. HALL
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 756-1171
*Attorneys for Defendant-Appellee*
*JP Morgan Chase & Co.*

James C. Dugan
Willkie Farr & Gallagher LLP
787 7th Avenue
New York, NY 10019
212-728-8654
*Attorneys for Defendant-Appellee*
*William Fry*

Maria A. Barton
Jeff G. Hammel
Latham & Watkins LLP
885 3rd Avenue
New York, NY 10022
212-906-1200
*Attorneys for Defendants-Appellees Primeo Select*
*Fund, Primeo Executive Fund, Hannes Saleta,*
*Alfred Simon, Karl E. Kaniak, Hans-Peter*
*Tiefenbacher, Johannes P. Spalek, Alberto LaRocca,*
*Declan Murray, Ursual Radel-Leszcynski*

David E. Brodsky
Evan A. Davis
Thomas J. Moloney
Lewis J. Liman
Jeffrey A. Rosenthal
Cleary Gottlieb Steen & Hamilton LLP
1 Liberty Plaza
New York, NY 10006
212-225-2000
*Attorneys for Defendants-Appellees HSBC Securities*
*Services (Luxembourg) S.A. and HSBC Holdings plc,*
*Bank of Bermuda (Cayman) Limited, Bank of*
*Bermuda (Luxembourg) S.A., Bank of Bermuda*
*Limited, HSBC Institutional Trust Services (Ireland)*
*Ltd., HSBC Securities Services (Ireland) Ltd., Bank*
*of New York Mellon*

Susan Saltzstein
Marco Schnabl
Skadden, Arps, Slate, Meagher & Flom LLP
4 Times Square
New York, NY 10036
212-735-4132
*Attorneys for Defendants-Appellees Pioneer*
*Alternative Investment Management Ltd., Unicredit*
*SPA, Pioneer Global Asset Management S.p.A.*

David Elbaum,
Brune & Richard LLP
1 Battery Park Plaza, 30th Floor
New York, NY 10004
212-668-1900
*Attorneys for Defendant-Appellee*
*Nigel H. Fielding*

William R. Maguire
Marc A. Weinstein
Gabrielle S. Marshall
Hughes Hubbard & Reed LLP
One Battery Park Plaza, 17th Floor
New York, New York 10004
(212) 837-6000
*Attorneys for Defendant-Appellee Ernst & Young*
*(Cayman)*

Richard A. Martin
Katherine L. Maco
Alison K. Roffi
Orrick, Herrington & Sutcliffe Llp
51 West 52nd Street
New York, New York 10019
(212) 506-5000
*Attorneys for Defendant-Appellee*
*Ernst & Young S.A.*

Claudius O. Sokenu
John M. Massaro
Arthur Luk
Arnold & Porter Llp
555 Twelfth Street, NW
Washington, DC 20004-1206
(202) 942-5000
*Attorneys for Defendant-Appellee*
*Ernst & Young Global Limited*

Brett Moore
Porzio Bromberg & Newman, PC
100 Southgate Parkway
Morristown, NJ 07962
973-538-4006
*Attorneys for Defendants-Appellees*
*Messrs. Ferdinand Burg and Carlo Reding, the*
*Court Appointed Liquidators for Herald (LUX)*

James I. Jaconette
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
619-231-1058
*Attorneys for Defendant-Appellee*
*Herald Asset Management Limited*

2

Mandy DeRoche
Jack Yoskowitz
Seward & Kissel LLP
1 Battery Park Plaza, 21st Floor
New York, NY 10004
212-574-1385
*Attorneys for Defendant-Appellee*
*Michael Wheaton*

Michael Edward Wiles
Debevoise & Plimpton LLP
919 3rd Avenue
New York, NY 10022
212-909-6000
*Attorneys for Defendants-Appellees Alberto*
*Benbassat, Stephane Benbassat, Genevalor,*
*Benbassat & Cie, Gerald J.P. Brady, Daniel*
*Morrissey, David T. Smith, Thema Asset*
*Management Limited, Thema International Fund*
*PLC*

Franklin B. Velie
Jonathan G. Kortmansky
Mitchell C. Stein
Sullivan & Worcester LLP
1633 Broadway, 32nd Floor
New York, NY 10019
212-660-3000
*Attorneys for Defendant-Appellee*
*UniCredit Bank Austria AG*

Fraser L. Hunter, Jr.
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
New York, NY 10007
212-230-8800

Howard Morris Shapiro
Wilmer Cutler Pickering Hale and Dorr LLP
Room 8008E
1875 Pennsylvania Avenue, NW
Washington, DC 20006
202-663-6606

*Attorneys for Defendant-Appellee*
*Pricewaterhousecoopers International Ltd.*

I certify that an electronic copy was uploaded to the Court's electronic filing system. Six hard copies of the foregoing Brief of Defendant-Appellee JP Morgan Chase & Co.Limited were sent to the Clerk's Office by hand delivery to:

Clerk of Court
United States Court of Appeals, Second Circuit
United States Courthouse
500 Pearl Street, 3rd floor
New York, New York 10007
(212) 857-8500

on this 24th day of July 2012.

___/s/ Keisha Boynton_____
Keisha Boynton

3