# 12-156-cv

## 12-162-cv (Consol.)

In The

## United States Court of Appeals

For The Second Circuit

―――――――――

Dana Trezziova, Neville Seymour Davis,

*Plaintiffs-Appellants*,

Repex Ventures S.A., on behalf of itself and all others similarly situated,
Schmuel Cabilly, Shmuel Cabilly, Korea Exchange Bank,

*Plaintiffs*,

v.

Sonja Kohn, Primeo Select Fund, Primeo Executive Fund, Hannes Saleta,

*Defendants-Appellees*.

[remainder of caption appears on inside cover]

―――――――――

On Appeal From the United States District Court
for the Southern District of New York

―――――――――

## BRIEF FOR DEFENDANT-APPELLEE
## PRICEWATERHOUSECOOPERS IRELAND

―――――――――

Thomas G. Rafferty
Antony L. Ryan
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000
*Attorneys for Defendant–Appellee*
*PricewaterhouseCoopers Ireland*

[caption continued from front cover]

ERNST & YOUNG GLOBAL LIMITED, HSBC SECURITIES SERVICES (LUXEMBURG) S.A., HSBC HOLDINGS PLC, BANK MEDICI, UNICREDIT, BANK AUSTRIA, PIONEER GLOBAL ASSET MANAGEMENT S.P.A., ALFRED SIMON, KARL E. KANIAK, HANS-PETER TIEFENBACHER, JOHANNES P. SPALEK, NIGEL H. FIELDING, JAMES E. O'NEILL, ALBERTO LAROCCA, DECLAN MURRAY, URSULA RADEL-LESZCYNSKI, MICHAEL WHEATON, BA WORLDWIDE FUND MANAGEMENT, LTD., PIONEER ALTERNATIVE INVESTMENT MANAGEMENT LTD., BANK OF BERMUDA (CAYMAN) LIMITED, BANK OF BERMUDA (LUXEMBOURG) S.A., BANK OF BERMUDA LIMITED, ERNST & YOUNG (CAYMAN), ALBERTO BENBASSAT, STEPHANE BENBASSAT, GENEVALOR, BENBASSAT & CIE, GERALD J.P. BRADY, JOHN HOLLIWELL, SONJA KOHN, DANIEL MORRISSEY, DAVID T. SMITH, WERNER TRIPOLT, BANK MEDICI AG, UNICREDIT SPA, HSBC INSTITUTIONAL TRUST SERVICES (IRELAND) LTD., HSBC SECURITIES SERVICES (IRELAND) LTD., HSBC HOLDINGS PLC, PRICEWATERHOUSECOOPERS INTERNATIONAL LTD., PRICEWATERHOUSECOOPERS (DUBLIN), PRICEWATERHOUSECOOPERS LLP, PRICEWATERHOUSECOOPERS BERMUDA, THEMA ASSET MANAGEMENT LIMITED, BA WORLDWIDE FUND MANAGEMENT LIMITED, PETER MADOFF, ANDREW MADOFF, MARK MADOFF, WILLIAM FRY, JP MORGAN CHASE & CO., BANK OF NEW YORK MELLON, HERALD (LUX), MESSRS. FERDINAND BURG AND CARLO REDING, THE COURT APPOINTED LIQUIDATORS FOR HERALD (LUX), HERALD ASSET MANAGEMENT LIMITED, UNICREDIT BANK AUSTRIA AG, HERALD USA FUND, THEMA INTERNATIONAL FUND PLC, ERNST & YOUNG S.A., FRIEDRICH PFEFFER, FRANCO MUGNAI, THEMA INTERNATIONAL FUND PLC,

*Defendants-Appellees*,

BERNARD L. MADOFF, BERNARD L. MADOFF INVESTMENT SECURITIES, BANK MEDICI S.A., PETER SCHEITHAUER, HERALD LUXEMBURG FUND, BANK AUSTRIA CREDITANSTALT, UNICREDIT S.A., PIONEER ALTERNATIVE INVESTMENTS, HSBC SECURITIES SERVICES, S.A., HAML, PAUL DE SURY, GABRIEL SAFDIE, WILLIAM A. JONES, HELMUTH E. FREY, ANDREAS PIRKNER, RICHARD GODDARD, ERNST & YOUNG, FRIEHLING & HOROWITZ, PETER SCHEITHAUER,

*Defendants*.

## RULE 26.1 CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, Defendant-Appellee PricewaterhouseCoopers Ireland states that it has no parent corporation and that no publicly held corporation owns 10% or more of its stock.

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................. iii

INTRODUCTION ........................................................................1

COUNTERSTATEMENT OF ISSUES PRESENTED............................................3

COUNTERSTATEMENT OF THE CASE......................................................3

      A.    Nature of the Case....................................................3

      B.    Course of Proceedings .............................................5

SUMMARY OF THE ARGUMENT .......................................................6

ARGUMENT .............................................................................9

I.    THE DISTRICT COURT PROPERLY DISMISSED THE CLAIMS AGAINST PWC IRELAND FOR FORUM NON CONVENIENS .....................................................................9

II.    PLAINTIFF FAILS TO ESTABLISH PERSONAL JURISDICTION OVER PWC IRELAND...........................................9

      A.    Standard of Review and Law of Personal Jurisdiction..............9

      B.    Plaintiff Fails To Establish General Jurisdiction Over PwC Ireland...............................................................11

      C.    Plaintiff Fails To Establish Specific Jurisdiction Over PwC Ireland...............................................................13

            1.    PwC Ireland did not transact business in New York...................................................14

            2.    Neither PwC Bermuda nor PwC U.S. acted as an agent of PwC Ireland. ...................................17

i

D.    The Exercise of Jurisdiction Over PwC Ireland Would Not Comport with Due Process ...............................................20

III.    PLAINTIFF FAILS TO STATE A CLAIM AGAINST PWC IRELAND .........................................................................................21

A.    Standard of Review ....................................................22

B.    Plaintiff Fails To State a Claim for Negligence.......................23

C.    Plaintiff Fails To State a Claim for Aiding and Abetting.........28

D.    Plaintiff Fails To State a Claim for Unjust Enrichment ...........31

E.    Plaintiff Lacks Standing To Bring Derivative Claims Against PwC Ireland on Behalf of Thema................................33

F.    Plaintiff Cannot State Federal Securities Claims Against PwC Ireland...............................................................................35

CONCLUSION ......................................................................................36

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*ABF Capital Mgmt. v. Askin Capital Mgmt., L.P.*, 957 F. Supp. 1308 (S.D.N.Y. 1997) ............................................................................32, 33

*Able Energy, Inc. v. Marcum & Kliegman LLP*, 893 N.Y.S.2d 36 (App. Div. 2010) ..........................................................................................31

*Able Fund v. KPMG Accountants NV*, 247 F. App'x 504 (5th Cir. 2007) ..............15

*Absolute Activist Value Master Fund v. Ficeto*, 677 F.3d 60 (2d Cir. 2012) ..........35

*Anwar v. Fairfield Greenwich Ltd.*, 728 F. Supp. 2d 372 (S.D.N.Y. 2010)......26, 27

*Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102 (1987) ............................20

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ......................................................22, 23, 29

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez* 171 F.3d 779 (2d Cir. 1999) .......................................................................10, 16

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)......................................22, 23

*Bensusan Rest. Corp. v. King*, 937 F. Supp. 295 (S.D.N.Y. 1996), *aff'd*, 126 F.3d 25 (2d Cir. 1997) ..............................................................................10, 11

*Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573 (2d Cir. 2006) ................................................................................31

*Cantor Fitzgerald, L.P. v. Peaslee*, 88 F.3d 152 (2d Cir. 1996) ............................14

*City of Harper Woods Emps.' Ret. Sys. v. Olver*, 589 F.3d 1292 (D.C. Cir. 2009) .........................................................................................................34

*Cato Show Printing Co. v. Lee*, 446 N.Y.S.2d 710 (App. Div. 1981)....................18

*Cfirstclass Corp. v. Silverjet plc*, 560 F. Supp. 2d 324 (S.D.N.Y. 2008)...............34

*Chaiken v. VV Publ'g Corp.*, 119 F.3d 1018 (2d Cir. 1997) ....................................9

*Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 516 N.E.2d 190 (N.Y. 1987).......32

iii

*Copterline Oy v. Sikorsky Aircraft Corp.*, 649 F. Supp. 2d 5 (E.D.N.Y. 2007) ......13

*Credit Alliance Corp v. Arthur Andersen & Co.*, 483 N.E.2d 110 (N.Y. 1985) ................................................................................8, 23, 24

*Cromer Fin. Ltd. v. Berger*, No. 00 Civ 2284, 2001 WL 506908 (S.D.N.Y. May 14, 2001) ..................................................................17

*Cromer Fin. Ltd. v. Berger*, No. 00 Civ. 2498, 2001 WL 1112548 (S.D.N.Y. Sept. 19, 2001) ..................................................................26

*Cromer Finance, Ltd. v. Berger*, 137 F. Supp. 2d 452 (S.D.N.Y. 2001) ...............16

*CRT Invests., Ltd. v. BDO Seidman, LLP*, 925 N.Y.S.2d 439 (App. Div. 2011) ................................................................................passim

*Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408 (2d Cir. 2005) ........................9

*DaPuzzo v. Reznick Fedder & Silverman*, 788 N.Y.S.2d 69 (App. Div. 2005) ......24

*Ehrenfeld v. Bin Mahfouz*, 881 N.E.2d 830 (N.Y. 2007) ........................................13

*Equitable Life Assur. Soc. of U.S. v. Alexander Grant & Co.*, 627 F. Supp. 1023 (S.D.N.Y. 1985) ................................................................23

*Fiedler v. First City Nat'l Bank of Houston*, 807 F.2d 315 (2d Cir. 1986) .............15

*Filetech S.A. v. France Telecom S.A.*, 157 F.3d 922 (2d Cir. 1998) .......................11

*Foss v. Harbottle*, 2 Hare 461 (1843) .................................................................33, 34

*GCG Int'l, Inc. v. Eberhardt*, No. 05 Civ 2422, 2005 WL 2647942 (S.D.N.Y. Oct. 17, 2005) ................................................................10

*Georgia Malone & Co. v. Rieder*, No. 132, 2012 N.Y. Slip Op. 05200, 2012 WL 2428246 (N.Y. June 28, 2012) ..................................................32

*Giovanniello v. ALM Media, LLC*, 660 F.3d 587 (2d Cir. 2011) ...........................22

*GlobalNetFinancial.com, Inc. v. Frank Crystal & Co.*, 449 F.3d 377 (2d Cir. 2006) ................................................................................21

*Grove Press, Inc. v. Angleton*, 649 F.2d 121 (2d Cir. 1981) ..................................18

iv

*Houbigant, Inc. v. Deloitte & Touche LLP*, 753 N.Y.S.2d 493 (App. Div. 2003) ...................................................................................26

*HSA Residential Mortg. Services of Texas v. Casuccio*, 350 F. Supp. 2d 352 (E.D.N.Y. 2003)....................................................................23

*Hydro Investors, Inc. v. Trafalgar Power Inc.*, 227 F.3d 8 (2d Cir. 2000) .............23

*In re Amaranth Natural Gas Commodities Litig.*, 587 F. Supp. 2d 513 (S.D.N.Y. 2008) ..............................................................9, 10

*In re Banco Santander Sec.–Optimal Litig.*, 732 F. Supp. 2d 1305 (S.D. Fla. 2010) ...........................................................................passim

*In re Bayou Hedge Funds Inv. Litig.*, 472 F. Supp. 2d 528 (S.D.N.Y. 2007) .........28

*In re Lernout & Hauspie Sec. Litig.*, 230 F. Supp. 2d 152 (D. Mass. 2002)...........19

*In re Optimal U.S. Litig.*, 813 F. Supp. 2d 351 (S.D.N.Y. 2011) ...........................33

*In re Optimal U.S. Litig.*, No. 10 Civ. 4095, 2012 WL 1988713 (S.D.N.Y. June 4, 2012).......................................................................35

*In re Sharp Int'l Corp.*, 403 F.3d 43 (2d Cir. 2005) ...............................................28

*Int'l Customs Assocs. v. Ford Motor Co.*, 893 F. Supp. 1251 (S.D.N.Y. 1995), *aff'd*, 201 F.3d 431 (2d Cir. 1999) ............................................14

*Inversiones Mar Octava Limitada v. Banco Santander, S.A.*, 439 F. App'x 840 (11th Cir. 2011).......................................................................7

*Jazini v. Nissan Motor Co.*, 148 F.3d 181 (2d Cir. 1998) ......................................10

*Kaufman v. Cohen*, 760 N.Y.S.2d 157 (App. Div. 2003)..................................28, 31

*Kaye v. Grossman*, 202 F.3d 611 (2d Cir. 2000) ....................................................31

*King County v. IKB Deutsche Industriebank AG*, No. 09 Civ. 8387, 2012 WL 1592193 (S.D.N.Y. May 4, 2012) .....................................................28

*Kolbeck v. LIT Am., Inc.*, 939 F. Supp. 240 (S.D.N.Y. 1996), *aff'd*, 152 F.3d 918 (2d Cir. 1998)............................................................................28

*Kreutter v. McFadden Oil Corp.*, 522 N.E.2d 40 (N.Y. 1988) ...............................18

*Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 565 N.E.2d 488 (N.Y. 1990) ...................................................................................................6, 11

*Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 918 F.2d 1039 (2d Cir. 1990)......................................................................................................12

*Law Debenture v. Maverick Tube Corp.*, No. 06 Civ. 14320, 2008 WL 4615896 (S.D.N.Y. Oct. 15, 2008), *aff'd sub nom. Law Debenture Trust Co. of N.Y. v. Maverick Tube Corp.*, 595 F.3d 458 (2d Cir. 2010) ....................32

*Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50 (2d Cir. 2012) ..............................................................................................................13, 18

*M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972) ........................................34

*Mareno v. Rowe*, 910 F.2d 1043 (2d Cir. 1990) ........................................................12

*Mayes v. Leipziger*, 674 F.2d 178 (2d Cir. 1982) .............................................14, 16

*McGowan v. Smith*, 419 N.E.2d 321 (N.Y. 1981) ....................................................14

*Meridian Horizon Fund, L.P. v. KPMG (Cayman)*, No. 11-3311-cv, 2012 WL 2754933 (2d Cir. July 10, 2012)..........................................................passim

*Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560 (2d Cir. 1996)............20

*MLSMK Invs. Co. v. JP Morgan Chase & Co.*, 737 F. Supp. 2d 137 (S.D.N.Y. 2010), *aff'd in relevant part*, 431 F. App'x 17 (2d Cir. 2011)..........29

*Morrison v. National Australia Bank Ltd.*, 130 S. Ct. 2869 (2010) .........................35

*Nuevo Mundo Holdings v. Pricewaterhouse Coopers LLP*, No. 03 Civ. 0613, 2004 WL 112948 (S.D.N.Y. Jan. 22, 2004) ........................................................19

*Overseas Media, Inc. v. Skvortsov*, 407 F. Supp. 2d 563 (S.D.N.Y. 2006), *aff'd*, 277 F. App'x 92 (2d Cir. 2008)...................................................................13

*PaineWeber Inc. v. Westgate Group, Inc.*, 748 F. Supp. 115 (S.D.N.Y. 1990) ......15

*Parrott v. Coopers & Lybrand, L.L.P.*, 741 N.E.2d 506 (N.Y. 2000).....................25

*Phillips v. Audio Active Ltd.*, 494 F.3d 378 (2d Cir. 2007) .....................................34

*Polansky v. Gelrod*, 798 N.Y.S.2d 762 (App. Div. 2005) .......................................18

*Port Dock & Stone Corp. v. Oldcastle Ne., Inc.*, 507 F.3d 117 (2d Cir. 2007).......23

*Prudential Ins. Co. of Am. v. Dewey, Ballantine, Bushby, Palmer & Wood*, 605 N.E.2d 318 (N.Y. 1992)................................................................23

*Readco, Inc. v. Marine Midland Bank*, 81 F.3d 295 (2d Cir. 2006)........................22

*Reading Int'l, Inc. v. Oaktree Capital Mgmt. LLC*, 317 F. Supp. 2d 301 (S.D.N.Y. 2003)................................................................32

*S.E.C. v. Cohmad Sec. Corp.*, No. 09 Civ. 5680, 2010 WL 363844 (S.D.N.Y. Feb. 2, 2010)................................................................29

*Saltz v. First Frontier, LP*, 782 F. Supp. 2d 61 (S.D.N.Y. 2010), *aff'd mem.*, No. 11-265-cv, 2012 WL 2096399 (2d Cir. June 12, 2012)..............................26

*Savoleo v. Couples Hotel*, 524 N.Y.S.2d 52 (App. Div. 1998)..............................12

*Schenker v. Assicurazioni Genereali S.p.A., Consol.*, No. 98 Civ. 9186, 2002 WL 1560788 (S.D.N.Y. July 15, 2002)..............................................10

*Sec. Investor Prot. Corp. v. BDO Seidman, L.L.P.*, 746 N.E.2d 1042 (N.Y. 2001)................................................................26

*Sec. Investor Prot. Corp. v. BDO Seidman, LLP*, 222 F.3d 63 (2d Cir. 2000)................................................................24, 25, 26, 27

*Sec. Pac. Bus. Credit, Inc. v. Peat Marwick Main & Co.*, 597 N.E.2d 1080 (N.Y. 1992)................................................................25, 27

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422 (2007).............9

*Slayton v. Am. Express Co.*, 604 F.3d 758 (2d Cir. 2010)......................................22

*Spence v. Md. Cas. Co.*, 995 F.2d 1147 (2d Cir. 1993)..........................................10

*Star Energy Corp. v. RSM Top-Audit*, No. 08 Civ. 329, 2008 WL 5110919 (S.D.N.Y. Nov. 26, 2008)................................................................19

*Stephenson v. PricewaterhouseCoopers LLP*, No. 11-1204-cv, 2012 WL 1764191 (2d Cir. May 18, 2012, *as amended* June 13, 2012)....................passim

*Sykes v. RFD Third Ave. 1 Assocs., LLC*, 938 N.E.2d 325 (N.Y. 2010)................25

vii

*Tauza v. Susquehanna Coal Co.*, 115 N.E. 915 (N.Y. 1917) ...................................12

*Thomas H. Lee Equity Fund V, L.P. v. Grant Thornton LLP*, 586 F. Supp. 2d 119 (S.D.N.Y. 2008) ...........................................................................................26

*Thomas v. Ashcroft*, 470 F.3d 491 (2d Cir. 2006) ...................................................10

*Truesdell v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 722 N.Y.S.2d 523 (App. Div. 2001) .....................................................................................................16

*Twine v. Levy*, 746 F. Supp. 1202 (E.D.N.Y. 1990) ...............................................16

*Weiss v. Greenberg, Traurig, Askew, Hoffman, Lipoff, Quentell & Wolff, P.A.*, 446 N.Y.S.2d 447 (App. Div. 1981) ........................................................16

*Winn v. Schafer*, 499 F. Supp. 2d 390 (S.D.N.Y. 2007) .........................................34

*Young v. F.D.I.C.*, 103 F.3d 1180 (4th Cir. 1997) .................................................15

## Statutes & Rules

CPLR 301 .......................................................................................................................11

CPLR 302 ..................................................................................................................11, 15

CPLR 302(a)(1) .........................................................................................................13, 16

Fed. R. Civ. P. 12(b)(6) ................................................................................................22

Fed. R. Civ. P. 72(a) .....................................................................................................10

PricewaterhouseCoopers Ireland ("PwC Ireland"), referred to in the caption as PricewaterhouseCoopers (Dublin), is an appellee in one of these consolidated appeals, *Davis v. Benbassat*, Appeal No. 12-162-cv, involving the Thema International Fund plc ("Thema").

## INTRODUCTION

This is a putative class action lawsuit on behalf of foreigners who invested in Thema, an Irish investment fund that was not open to United States investors. Thema gave the money to Bernard L. Madoff to invest, and Madoff stole the money. Plaintiff's claims against Madoff, however, are not part of this action. Here, plaintiff is suing Thema, its directors and its Irish professional service providers, claiming that all of them owed duties to Thema's investors and should be held responsible for Madoff's intentional criminal acts.

PwC Ireland was Thema's auditor and issued audit reports on several years of Thema's annual financial statements. PwC Ireland is a partnership organized under Irish law, with offices only in Ireland. PwC Ireland is not licensed in the United States and has no continuous business presence here. PwC Ireland's conduct in this case consisted of auditing an Irish entity's financial statements in Ireland. In connection with the Thema audit, PwC Ireland did not visit the United States. PwC Ireland did not audit Madoff or his company. Nevertheless, plaintiff claims that in auditing Thema's financial statements PwC Ireland should have

discovered that Madoff was engaged in fraud—a fraud that went undetected by numerous investors, professional firms and the responsible regulators around the world.

The District Court correctly concluded that this case should be dismissed on the basis of *forum non conveniens* in favor of Ireland, where Thema and most of its professional service providers are located and nearly all of the relevant conduct took place. That decision should be affirmed.

Moreover, the District Court's dismissal of all claims against PwC Ireland can also be affirmed on two alternative grounds. *First*, PwC Ireland is not subject to personal jurisdiction in New York. The lack of jurisdiction over PwC Ireland is plain on the face of plaintiff's complaint and from the uncontroverted declarations in the record. *Second*, plaintiff has not stated any valid claim against PwC Ireland upon which relief can be granted. This Court has recently affirmed dismissals in two other appeals involving auditors of separate Madoff-related funds on the same alternative grounds as PwC Ireland argued below. The claims against PwC Ireland fail as a matter of law for the same reasons.

Accordingly, the judgment in favor of PwC Ireland should be affirmed.

2

## COUNTERSTATEMENT OF ISSUES PRESENTED

1.    Whether the District Court abused its discretion in dismissing this

       case on the basis of *forum non conveniens*.

2.    Whether there is personal jurisdiction over PwC Ireland in New York.

3.    Whether the complaint should be dismissed as against PwC Ireland

       for failure to state a claim.

## COUNTERSTATEMENT OF THE CASE

### A.    Nature of the Case

Plaintiff brings this case on behalf of a putative class of foreigners

who invested in Thema, an investment fund located in Dublin and organized under

the laws of Ireland.  (*See* Compl. ¶¶ 1, 27 (A-1821, 1829).)  Thema placed assets

with Bernard L. Madoff, and Madoff stole those assets as part of his multi-billion

dollar Ponzi scheme.

PwC Ireland served as Thema's auditor and issued audit reports on

Thema's annual financial statements.  (*Id.* ¶ 43 (A-1834).)  Plaintiff alleges that

PwC Ireland violated various auditing standards and acted negligently in carrying

out its audits.  According to plaintiff, in the course of auditing Thema's financial

statements, PwC Ireland should have discovered that Madoff was engaged in fraud

and declined to issue unqualified audit opinions.  Plaintiff also claims that by

3

issuing unqualified audit opinions PwC Ireland aided and abetted breaches of fiduciary duties owed to Thema's investors by other defendants.

PwC Ireland is a partnership organized under Irish law. (MacMahon Decl. ¶ 4 (A-3363).) It maintains seven offices in Ireland and has its principal place of business in Dublin. (*Id.* ¶ 6 (A-3364); Compl. ¶ 43 (A-1834).) It is registered as an auditor with Irish regulatory agencies. (MacMahon Decl. ¶ 4 (A-3363).)

PwC Ireland does not maintain an office in the United States. (*Id.* ¶ 9 (A-3364).) It does not pay taxes, keep a bank account or own or rent any property in the United States. (*Id.* ¶¶ 13-15 (A-3365).) It is not licensed to do business in the United States and has never applied for such a license. (*Id.* ¶ 10 (A-3365).) Its partners are not licensed as public accountants in the United States. (*Id.* ¶ 11 (A-3365).)

PwC Ireland is a member of the international PricewaterhouseCoopers network of firms. (*Id.* ¶ 8 (A-3364).) Each member operates as a separate legal entity and is organized under the laws of its own jurisdiction. (*Id.*) The member firm doing business in the United States is PricewaterhouseCoopers LLP ("PwC U.S."). (*Id.*) Like all members of the network of firms, PwC Ireland and PwC U.S. are separately owned. (*Id.*) PwC Ireland is owned by its partners, who are

different from the partners of PwC U.S. (*Id.*) The firms do not share profits and are separately managed. (*Id.*)

PwC Ireland's audit of Thema's annual financial statements, which forms the basis of the claims in this case, was conducted in Ireland. (Weldon Decl. ¶ 5 (A-3369).) PwC Ireland drafted and signed its audit opinions in Ireland. (*Id.*) In connection with the audits of Thema, no one from PwC Ireland ever visited the United States or met with Madoff or anyone from his firm. (*Id.*)

## B. Course of Proceedings

The course of proceedings is set forth in the Joint Brief for Defendants-Appellees Unicredit S.p.A., William Fry and Sonja Kohn (the "Joint Appellees' Brief"), and PwC Ireland incorporates that discussion by reference.

Along with the other defendants in the Thema action (No. 09 Civ. 2558) and the consolidated Herald and Primeo actions (Nos. 09 Civ. 289 and 09 Civ. 2032), PwC Ireland moved to dismiss this case on June 29, 2011. PwC Ireland argued that plaintiff's complaint should be dismissed on a number of grounds. *First*, plaintiff's case should be dismissed on the basis of *forum non conveniens* in favor of Ireland. *Second*, plaintiff fails to establish personal jurisdiction over PwC Ireland. *Third*, plaintiff fails to state a claim upon which relief can be granted.

On November 29, 2011, the District Court dismissed the claims against PwC Ireland—and most of the other defendants in the Thema action—on the basis of *forum non conveniens*, holding that Ireland was the proper forum for plaintiff to pursue his claims. Having dismissed the case on *forum non conveniens* grounds, the District Court did not address whether personal jurisdiction existed over PwC Ireland in New York or whether the allegations against PwC Ireland stated valid claims for relief.

## SUMMARY OF THE ARGUMENT

The District Court's decision dismissing all claims against PwC Ireland should be affirmed on three separate grounds.

*First*, for the reasons stated in the Joint Appellees' Brief, the District Court did not abuse its discretion in dismissing the case on the basis of *forum non conveniens*.

*Second*, plaintiff fails to establish personal jurisdiction over PwC Ireland. Plaintiff did not and cannot establish general jurisdiction over PwC Ireland under New York law because PwC Ireland has not engaged in a "continuous and systematic course of doing business" in New York and indeed is not licensed to do business in the state. *See Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 565 N.E.2d 488, 490 (N.Y. 1990). Plaintiff fails to establish specific jurisdiction because plaintiff's claims do not arise from any

6

transaction of business on the part of PwC Ireland in New York.  Rather, plaintiff's

claims relate to the audit of Thema's financial statements, which was carried out in

Ireland.  In connection with that engagement, PwC Ireland personnel never

travelled to New York or to anywhere else in the United States.  Indeed, in

connection with PwC Ireland's audit of a different fund that placed assets with

Madoff, a court recently rejected the exercise of jurisdiction over PwC Ireland

under New York's long-arm statute on virtually identical facts.  *See In re Banco

Santander Sec.–Optimal Litig.*, 732 F. Supp. 2d 1305, 1326-30 (S.D. Fla. 2010).

That court's *forum non conveniens* decision was affirmed by the Eleventh Circuit.[1]

*See Inversiones Mar Octava Limitada v. Banco Santander, S.A.*, 439 F. App'x 840

(11th Cir. 2011).  Moreover, Plaintiff's attempt to establish jurisdiction over PwC

Ireland based on activity by PwC U.S. and PwC Bermuda on unrelated matters

fails because plaintiff's claims do not "arise out of" that activity and because PwC

U.S. and PwC Bermuda did not act as agents of PwC Ireland.  *See Banco

Santander*, 732 F. Supp. 2d at 1321, 1328-29.  Finally, the exercise of jurisdiction

---

[1] Plaintiff's brief conspicuously fails to mention *Banco Santander*, in which the district court in Miami, Florida, dismissed the claims against PwC Ireland on the basis of *forum non conveniens* and lack of personal jurisdiction on facts that are virtually identical to the facts of this case.  The Eleventh Circuit affirmed the *forum non conveniens* dismissal while not reaching the district court's personal jurisdiction ruling.

would offend due process because PwC Ireland lacks sufficient contact with the forum and New York has little interest in adjudicating a dispute among foreigners.

*Third*, plaintiff fails to state a claim against PwC Ireland. Plaintiff's negligence claim fails under *Credit Alliance Corp v. Arthur Andersen & Co.*, 483 N.E.2d 110 (N.Y. 1985). This Court has held twice in the past two months that the auditor of a fund that placed its assets with Madoff is not liable for negligence to investors in the fund. *See Meridian Horizon Fund, LP v. KPMG (Cayman)*, No. 11-3311-cv, 2012 WL 2754933, at *4 (2d Cir. July 10, 2012); *Stephenson v. PricewaterhouseCoopers LLP*, No. 11-1204-cv, 2012 WL 1764191, at *2-3 (2d Cir. May 18, 2012, *as amended* June 13, 2012).

Similarly, plaintiff's claim for aiding and abetting breach of fiduciary duty fails because plaintiff does not allege that PwC Ireland had actual knowledge of any breach of fiduciary duty and does not allege any facts demonstrating that PwC Ireland rendered "substantial assistance" in furtherance of such breach. As the First Department held in dismissing the aiding and abetting claims against another Madoff-fund auditor, plaintiff's claim fails because he does not allege that PwC Ireland "did anything more than perform the routine business of auditing". *CRT Invests., Ltd. v. BDO Seidman, LLP*, 925 N.Y.S.2d 439, 441 (App. Div. 2011). Plaintiff's unjust enrichment claim fails because he did not pay money to PwC Ireland—Thema did—and the contract governing Thema's payment of fees

8

precludes any quasi-contract claim. Plaintiff lacks standing to bring derivative claims on behalf of the Thema Fund under controlling Irish law. Finally, plaintiff's new request for leave to add a securities claim should be denied because it is procedurally barred and because plaintiff cannot state a securities claim.

## ARGUMENT

### I. THE DISTRICT COURT PROPERLY DISMISSED THE CLAIMS AGAINST PWC IRELAND FOR *FORUM NON CONVENIENS*

For the reasons set forth in Part I of the Joint Appellees' Brief, which is incorporated herein by reference, the District Court's decision to dismiss this case on the basis of *forum non conveniens* should be affirmed.

### II. PLAINTIFF FAILS TO ESTABLISH PERSONAL JURISDICTION OVER PWC IRELAND

#### A. Standard of Review and Law of Personal Jurisdiction.

This Court reviews questions of personal jurisdiction *de novo*. *Chaiken v. VV Publ'g Corp.*, 119 F.3d 1018, 1025 (2d Cir. 1997). Because the District Court dismissed the case on *forum non conveniens* grounds, it did not need to reach the issue of personal jurisdiction. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 425 (2007). Nevertheless, the District Court's dismissal of the claims against PwC Ireland is also supported on the alternative grounds that plaintiff failed to establish personal jurisdiction. *See Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 414-15, 421-22 (2d Cir. 2005).

9

"At the motion to dismiss stage, the plaintiff bears the burden of demonstrating that a court has jurisdiction over each defendant." *In re Amaranth Natural Gas Commodities Litig.*, 587 F. Supp. 2d 513, 526 (S.D.N.Y. 2008); *see Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999). To carry that burden, the plaintiff must make a "prima facie showing that jurisdiction exists". *Thomas v. Ashcroft*, 470 F.3d 491, 495 (2d Cir. 2006). Such a showing requires allegations of fact to support the exercise of jurisdiction; conclusory, non-fact-specific jurisdictional allegations are insufficient. *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998). When a defendant rebuts the jurisdictional allegations in the plaintiff's complaint with fact-specific affidavits, and the plaintiff does not counter that evidence, "'the allegation[s] may be deemed refuted'".[2] *GCG Int'l, Inc. v. Eberhardt*, No. 05 Civ. 2422, 2005 WL 2647942, at *2 (S.D.N.Y. Oct. 17, 2005) (Chin, J.) (quoting *Schenker v. Assicurazioni Genereali S.p.A., Consol.*, No. 98 Civ. 9186, 2002 WL 1560788, at *3 (S.D.N.Y.

---

[2] The Court may consider evidence outside the pleadings in resolving a motion to dismiss for lack of personal jurisdiction. *Bensusan Rest. Corp. v. King*, 937 F. Supp. 295, 298 (S.D.N.Y. 1996), *aff'd*, 126 F.3d 25 (2d Cir. 1997). After defendants' motions to dismiss were filed, on August 18, 2011, plaintiff sought to compel jurisdictional discovery. (*See* 9/6/11 Hr'g Tr. at 7-8 (A-4393-94).) Following a hearing, Magistrate Judge Pitman denied that application on September 8, 2011. (*See id.*; Order dated Sept. 8, 2011 (A-4364-72).) Because plaintiff did not file objections to that ruling with the District Court, he has waived any right to appeal from the denial of jurisdictional discovery. *See* Fed. R. Civ. P. 72(a); *Spence v. Md. Cas. Co.*, 995 F.2d 1147, 1155 (2d Cir. 1993).

10

July 15, 2002)); *see Filetech S.A. v. France Telecom S.A.*, 157 F.3d 922, 931-32 (2d Cir. 1998).

Here, the complaint does not make a *prima facie* showing of jurisdiction over PwC Ireland. Furthermore, the detailed facts in the declarations of PwC Ireland partners Vincent MacMahon and Anthony Weldon (A-3363-66; A-3368-75)—which are unrebutted, and which plaintiff has not addressed in any way in the District Court or in this Court—confirm that PwC Ireland is not subject to personal jurisdiction.

To establish jurisdiction over each defendant, plaintiff must satisfy the requirements of New York CPLR 301 governing general jurisdiction or CPLR 302 governing specific jurisdiction. *Bensusan Rest. Corp.*, 126 F.3d at 27. If the exercise of jurisdiction is appropriate under New York statutory law, plaintiff must also establish that it "comports with the requisites of due process". *Id.* As to PwC Ireland, plaintiff fails to satisfy any of those requirements.

## B. Plaintiff Fails To Establish General Jurisdiction Over PwC Ireland

Plaintiff fails to make a *prima facie* showing of general jurisdiction over PwC Ireland. PwC Ireland was not physically present in the state when served with process. Accordingly, under CPLR 301, plaintiff must establish that PwC Ireland has engaged in a "continuous and systematic course of doing business" in New York. *Landoil*, 565 N.E.2d at 490. A "continuous and

11

systematic course of doing business" requires that the defendant conduct business in New York "'not occasionally or casually, but with a fair measure of permanence and continuity'". *Id.* (quoting *Tauza v. Susquehanna Coal Co.*, 115 N.E. 915, 917 (N.Y. 1917)).

PwC Ireland has not engaged in a "continuous and systematic course of doing business" in New York. PwC Ireland does not maintain an office in New York and has never been licensed to do business here. (MacMahon Decl. ¶¶ 9-10 (A-3364-65).) PwC Ireland does not pay taxes, keep a bank account, or own or rent any property in the United States. (*Id.* ¶¶ 13-15 (A-3365).) Thus, PwC Ireland is not "present" in the state for jurisdictional purposes. *See Mareno v. Rowe*, 910 F.2d 1043, 1046 (2d Cir. 1990) (affirming dismissal as to two defendants where neither "solicits business, has offices, holds bank accounts or property, or employs individuals in New York").

Plaintiff's jurisdictional allegations to the contrary are inadequate. Plaintiff's allegation that PwC Ireland personnel would sometimes visit the PwC U.S. office (on matters unrelated to Thema) (Compl. ¶ 116 (A-1853)) is insufficient to confer general jurisdiction. *See Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 918 F.2d 1039, 1045-46 (2d Cir. 1990); *Savoleo v. Couples Hotel*, 524 N.Y.S.2d 52, 52 (App. Div. 1998). The fact that PwC Ireland occasionally provides services in Ireland to clients based in New York unrelated to

12

Thema, yielding approximately 1% of its total bills (MacMahon Decl. ¶ 12

(A-3365)), is likewise insufficient. *See Copterline Oy v. Sikorsky Aircraft Corp.*,

649 F. Supp. 2d 5, 16-17 (E.D.N.Y. 2007) (collecting cases) ("District courts in

this Circuit agree that where a foreign corporation derives less than five percent of

its overall revenue from sales in New York, such sales are not substantial enough

to force a foreign defendant to litigate in New York."); *Overseas Media, Inc. v.

Skvortsov*, 407 F. Supp. 2d 563, 569 (S.D.N.Y. 2006), *aff'd*, 277 F. App'x 92 (2d

Cir. 2008).

### C. Plaintiff Fails To Establish Specific Jurisdiction Over PwC Ireland

Plaintiff also fails to establish specific jurisdiction over PwC Ireland.

Under New York's "long-arm statute", CPLR 302(a)(1), a New York court may

assert jurisdiction over a foreign defendant if (1) the defendant transacts business

within the state; *and* (2) "the cause of action arises from such a business

transaction".[3] *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 60

(2d Cir. 2012) (alterations omitted). A "transaction of business" requires "some

act by which the defendant purposefully avails itself of the privilege of conducting

activities within New York". *Ehrenfeld v. Bin Mahfouz*, 881 N.E.2d 830, 834

---

[3] In the District Court plaintiff relied as to PwC Ireland solely on CPLR 302(a)(1). Plaintiff does not (and cannot) contend that any of the other subdivisions of CPLR 302 applies to PwC Ireland.

13

(N.Y. 2007) (internal quotation marks and alterations omitted); *see Mayes v. Leipziger*, 674 F.2d 178, 183 (2d Cir. 1982). For a cause of action to arise from such a transaction, there must be an "articulable nexus between the business transacted and the cause of action sued upon". *McGowan v. Smith*, 419 N.E.2d 321, 323 (N.Y. 1981); *see Cantor Fitzgerald*, *L.P. v. Peaslee*, 88 F.3d 152, 156 (2d Cir. 1996).

### 1. PwC Ireland did not transact business in New York.

PwC Ireland did not transact business in New York. PwC Ireland audited Thema's financial statements in Ireland and drafted and signed its audit opinions in Ireland. (Weldon Decl. ¶ 5 (A-3369).) In connection with the audit, no one from PwC Ireland ever visited New York or any other part of the United States. (*Id*.) As the *Banco Santander* court held on virtually identical facts, PwC Ireland "was not transacting business in New York; it was transacting business in Ireland on behalf of [a] non-United States client[]". 732 F. Supp. 2d at 1328.

Plaintiff's conclusory allegations that PwC Ireland had "e-mail communications" with New York (Compl. ¶ 114 (A-1852-53)), even if accepted as true, do not establish jurisdiction. *See Banco Santander*, 732 F. Supp. 2d at 1327-28. Under New York law, "[t]elephone calls and correspondence sent into New York, by a non-domiciliary defendant who is outside New York, generally are insufficient to establish personal jurisdiction". *Int'l Customs Assocs. v. Ford*

14

*Motor Co.*, 893 F. Supp. 1251, 1261-62 (S.D.N.Y. 1995) (collecting cases), *aff'd*, 201 F.3d 431 (2d Cir. 1999); *see Fiedler v. First City Nat'l Bank of Houston*, 807 F.2d 315, 317 (2d Cir. 1986). Such communications do not constitute "transacting business" in the state unless they were "designed to permit defendants to conduct activity in New York". *PaineWeber Inc. v. Westgate Group, Inc.*, 748 F. Supp. 115, 119 (S.D.N.Y. 1990). Here, any such communications were designed to facilitate PwC Ireland's audit work for an Irish client in Ireland.

Thus, courts have held consistently that an auditor's receipt of information from the United States for use in an audit conducted abroad does not create personal jurisdiction over the auditor in the United States. *See CRT Invests.*, 925 N.Y.S.2d at 440-41; *Able Fund v. KPMG Accountants NV*, 247 F. App'x 504, 507 (5th Cir. 2007); *Young v. F.D.I.C.*, 103 F.3d 1180, 1192 (4th Cir. 1997).

This case is controlled by the denial of personal jurisdiction under CPLR 302 in *CRT Investments*. There, the plaintiff invested in a Cayman Islands fund that was an offshore "feeder fund" for a New York fund, which in turn allegedly placed its assets with Madoff. 925 N.Y.S.2d at 471. As in the instant case, the plaintiff sought to establish jurisdiction over the foreign fund's auditor, in that case BDO Tortuga, arguing that BDO Tortuga communicated with New York in the course of its audit and that it relied on the work of another member of the BDO network of firms, BDO Seidman, which audited the New York hedge fund.

15

*Id.*  The court rejected the plaintiff's argument and held that it lacked personal jurisdiction, holding that despite those limited contacts there was "no basis to conclude that BDO Tortuga should have reasonably expected to defend its actions in New York".  *Id.*  The court reasoned that, like PwC Ireland in this case, BDO Tortuga had "no presence in New York" and "all of the work that BDO Tortuga performed" was conducted abroad.  *Id.*

Analogously, out-of-state law firms that represent clients in out-of-state litigation are not subject to personal jurisdiction under CPLR 302(a)(1), even when the client is in New York, the lawyers travel to New York, and the lawyers have other related contacts with New York.  *See Bank Brussels*, 171 F.3d at 787-89; *Mayes*, 674 F.2d at 184-85 (2d Cir. 1982); *Twine v. Levy*, 746 F. Supp. 1202, 1205-06 (E.D.N.Y. 1990); *Truesdell v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 722 N.Y.S.2d 523, 524 (App. Div. 2001); *Weiss v. Greenberg, Traurig, Askew, Hoffman, Lipoff, Quentell & Wolff, P.A.*, 446 N.Y.S.2d 447, 448-49 (App. Div. 1981).  Thus, this Court rejected the exercise of jurisdiction over a Puerto Rican law firm that, notwithstanding numerous communications with New York, did not "project itself into New York to participate in any activities localized in the state or to represent the [plaintiffs] during any New York transactions".[4]  *Bank Brussels*,

---

[4] This case is fundamentally different from *Cromer Finance, Ltd. v. Berger*, 137 F. Supp. 2d 452 (S.D.N.Y. 2001), in which the foreign firms projected

16

171 F.3d at 788.  Similarly, PwC Ireland performed its work in Ireland and any

communications with New York were only to facilitate its work abroad.

### 2.    Neither PwC Bermuda nor PwC U.S. acted as an agent of PwC Ireland.

Unable to plead sufficient contacts between PwC Ireland and

New York, plaintiff attempts to establish personal jurisdiction over PwC Ireland

through the actions of PwC U.S. and PwC Bermuda.  Plaintiff alleges that PwC

U.S. and PwC Bermuda met with Madoff on two occasions (in 2004 and 2006) and

that PwC Ireland later obtained reports of those meetings.  (Compl. ¶¶ 115, 117

(A-1853).)

Those allegations fail to establish specific jurisdiction over PwC

Ireland for at least three reasons.  *First*, as set forth in the uncontested declaration

of Anthony Weldon, PwC Ireland's engagement partner for the Thema audit, those

---

themselves into New York to solicit business from New York-based clients.  *See
id.* at 483 (emphasizing that one defendant "won the right to work as the
administrator of the Fund through face-to-face negotiations with [the fund
manager] in New York"); *see also Cromer Fin. Ltd. v. Berger*, No. 00 Civ. 2284,
2001 WL 506908, at *6 (S.D.N.Y. May 14, 2001) (opinion on denial of
reconsideration) (finding that another defendant "'projected itself' into the United
States" when it "sent a proposal to [the manager] in New York to prepare audits of
New York trading and accounts" (citation omitted)).  Here, plaintiff does not (and
cannot) allege that PwC Ireland solicited any business in New York.  In addition,
unlike the defendants in *Cromer*, PwC Ireland did not have a client in New York.
PwC Ireland's client, Thema, was administered and managed abroad.

17

meetings were unrelated to Thema.[5]  (Weldon Decl. ¶¶ 5, 7 (A-3369-70).)  Thus, plaintiff's allegations do not establish personal jurisdiction because his claims do not "arise[] from" those meetings.  *Licci*, 673 F.3d at 60.

     *Second*, PwC U.S. and PwC Bermuda did not act, and were not authorized to act, as agents for PwC Ireland.  (Weldon Decl. ¶ 6 (A-3369).)  To prove jurisdiction on the basis of an agency relationship, plaintiff must "show[] . . . that the alleged agent acted in New York for the benefit of, with the knowledge and consent of, and under some control by, the nonresident principal".  *Grove Press, Inc. v. Angleton*, 649 F.2d 121, 122 (2d Cir. 1981); *see Kreutter v. McFadden Oil Corp.*, 522 N.E.2d 40, 44 (N.Y. 1988).  Thus, under New York law, the conduct of an alleged agent in New York does not confer jurisdiction over a non-domiciliary unless there is evidence that the out-of-state defendant exercised control over the alleged agent.  *See, e.g.*, *Polansky v. Gelrod*, 798 N.Y.S.2d 762, 763-64 (App. Div. 2005); *Cato Show Printing Co. v. Lee*, 446 N.Y.S.2d 710, 713 (App. Div. 1981).

     Nothing in plaintiff's complaint, even if taken as true, suggests that PwC U.S. or PwC Bermuda acted at the behest of, and under the control of, PwC

---

[5] Plaintiff does not offer any evidence rebutting Mr. Weldon's declaration.  As noted above (p. 10), plaintiff's jurisdictional allegations are "deemed refuted" to the extent they are contradicted by Mr. Weldon's uncontested declaration.

Ireland. In fact, PwC Bermuda and PwC U.S. visited Madoff regarding services they provided to another client, unrelated to Thema. (Weldon Decl. ¶ 7 (A-3369-70).) In connection with the Thema audit, PwC Ireland "had no contact with PwC Bermuda or PwC U.S. with regard to the[] meetings". (*Id.*)

The *Banco Santander* court considered these very same meetings, and held that they did not create personal jurisdiction over PwC Ireland under the New York long-arm statute. As that court stated, PwC Bermuda and PwC U.S. "would have conducted the same investigation and issued the same report on Madoff's activities without any intervention from or coordination with PWC Ireland. PWC Ireland's request for a copy of the report *after it had already been created* does not transform PWC LLP or PWC Bermuda into agents of . . . PWC Ireland."[6] 732 F. Supp. 2d at 1329.

---

[6] The Court should also disregard the allegation that PwC Bermuda, PwC U.S. and PwC Ireland somehow operate as a unitary organization. The undisputed declaration of Vincent MacMahon affirms that each member of the PwC network operates as a "separate legal entity" that is "organized under the laws of its own jurisdiction". (MacMahon Decl. ¶ 8 (A-3369).) The PwC firms are owned by different partners, do not share profits, are separately managed and are not subject to common control. (*Id.*) Courts have repeatedly held that that "[m]ember firms in an international accounting association are not part of a single firm and are neither agents nor partners of other member firms". *Nuevo Mundo Holdings v. Pricewaterhouse Coopers LLP*, No. 03 Civ. 0613, 2004 WL 112948, at \*3 (S.D.N.Y. Jan. 22, 2004); *see Star Energy Corp. v. RSM Top-Audit*, No. 08 Civ. 329, 2008 WL 5110919, at \*3-4 (S.D.N.Y. Nov. 26, 2008); *In re Lernout & Hauspie Sec. Litig.*, 230 F. Supp. 2d 152, 170-71 (D. Mass. 2002) (collecting cases).

19

*Third*, as discussed above, the receipt of information from New York in connection with an audit conducted abroad does not establish jurisdiction in New York. (*See supra* pp. 14-16.) Thus, even if PwC U.S. and PwC Bermuda acted as PwC Ireland's agent, which they did not, obtaining information in two meetings over the course of three years, through an intermediary, would not be sufficient to subject PwC Ireland to this state's jurisdiction. *See CRT Investments*, 925 N.Y.S.2d at 471 (rejecting exercise of jurisdiction over Cayman Islands auditor alleged to have relied upon audit work by New York-based auditor).

### D. The Exercise of Jurisdiction Over PwC Ireland Would Not Comport with Due Process

Finally, the exercise of jurisdiction over PwC Ireland would violate principles of "fair play and substantial justice". *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 105 (1987). For the same reasons set forth in Part I of the Joint Appellees' Brief in support of *forum non conveniens* dismissal, all of the relevant due process factors weigh against the exercise of jurisdiction. *See Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 568 (2d Cir. 1996) (setting forth test for due process). PwC Ireland would be greatly burdened by having to defend itself thousands of miles from home, and New York has little interest in adjudicating a dispute among foreigners. Plaintiff, for his part, could not obtain complete relief in New York because a number of other defendants also are not subject to jurisdiction here. As the court held in *Banco Santander*, jurisdiction

20

could not be exercised over PwC Ireland in New York "without abandoning all traditional and fair notions of personal jurisdiction". 732 F. Supp. 2d at 1328.

## III.   PLAINTIFF FAILS TO STATE A CLAIM AGAINST PWC IRELAND

Plaintiff's proposed Second Amended Complaint includes the following claims asserted against PwC Ireland: gross negligence and negligence (Count 1); professional negligence (Count 9); aiding and abetting gross negligence and negligence (Count 11); aiding and abetting breaches of fiduciary duty (Count 15); and unjust enrichment (Count 19). Plaintiff asserts all of these claims directly, on his own behalf. In the alternative, plaintiff proposes to bring some of them derivatively, on behalf of the Thema Fund (Counts 2, 10 and 12). (*See* Compl. ¶¶ 396-397 (A-1931).) Finally, in his appeal brief, plaintiff seeks leave to add a federal securities claim. (*See* Plf. Br. at 96.)

The claims asserted against PwC Ireland all fail to state a valid claim. PwC Ireland submits that the claims against it are governed by Irish law, as Ireland—not New York—has the "greatest interest" in regulating the conduct of an Irish firm auditing an Irish entity in Ireland. *See GlobalNetFinancial.com, Inc. v. Frank Crystal & Co.*, 449 F.3d 377, 384-85 (2d Cir. 2006). PwC Ireland submitted to the District Court a declaration from an expert on Irish law, explaining that plaintiff fails to state a claim against PwC Ireland under Irish law. (*See* Sanfey Decl. ¶¶ 15-17 (A-3352-61).) These opinions are unrebutted. This Court may,

21

however, apply New York law where (as here) there is no substantive difference, as the claims should be dismissed under either New York or Irish law.  *See Meridian*, 2012 WL 2754933, at *3 n.2.

### A.    Standard of Review

This Court determines the legal sufficiency of plaintiff's complaint *de novo*.  *Slayton v. Am. Express Co.*, 604 F.3d 758, 766 (2d Cir. 2010).  Because the question of whether plaintiff states a claim is purely legal and does not require any additional fact finding, this Court may address it in the first instance.  *See Meridian*, 2012 WL 2754933, at *4 (the Court may "'affirm on any ground supported in the record, even if it is not the one on which the district court relied'" (quoting *Giovanniello v. ALM Media, LLC*, 660 F.3d 587, 591 (2d Cir. 2011))); *Stephenson*, 2012 WL 1764191, at *3 n.4 (citing *Readco, Inc. v. Marine Midland Bank*, 81 F.3d 295, 302 (2d Cir. 2006)).

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face'".  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Although the court generally must accept well-pleaded factual allegations as true, allegations that "are no more than conclusions, are not entitled to the assumption of truth", and "[t]hreadbare recitals of the elements of a cause of

22

action, supported by mere conclusory statements, do not suffice" to state a claim.
*Iqbal*, 556 U.S. at 678-79. Furthermore, the court should "giv[e] no effect to legal
conclusions couched as factual allegations", *Port Dock & Stone Corp. v. Oldcastle
Ne., Inc.*, 507 F.3d 117, 121 (2d Cir. 2007), and a complaint that fails "to raise a
right to relief above the speculative level" should be dismissed as a matter of law,
*Twombly*, 550 U.S. at 555.

### B.    Plaintiff Fails To State a Claim for Negligence

Plaintiff's negligence-based claims must be dismissed because
plaintiff fails to allege or establish that PwC Ireland owed a duty to him.[7]  Under
New York law, accountants may be liable for negligence to noncontractual parties
only in "a relationship so close as to approach that of privity".  *Prudential Ins. Co.
of Am. v. Dewey, Ballantine, Bushby, Palmer & Wood*, 605 N.E.2d 318, 320 (N.Y.
1992).  To establish such a relationship, the plaintiff must satisfy the three factors
set out by the New York Court of Appeals in *Credit Alliance Corp. v. Arthur*

---

[7] Professional negligence is a "species" of negligence, and the reasoning in this
section therefore applies to plaintiff's professional negligence count.  *See
Stephenson,* 2012 WL 1764191, at *1 n.2 (citing *Hydro Investors, Inc. v. Trafalgar
Power Inc.*, 227 F.3d 8, 15 (2d Cir. 2000)).  Plaintiff's gross negligence claim
should be dismissed for the reasons stated in this section, as well as the
independent ground that New York does not recognize a cause of action for gross
negligence against accountants.  *See HSA Residential Mortg. Services of Texas v.
Casuccio*, 350 F. Supp. 2d 352, 369 (E.D.N.Y. 2003); *Equitable Life Assur. Soc. of
U.S. v. Alexander Grant & Co.*, 627 F. Supp. 1023, 1031 (S.D.N.Y. 1985).

*Andersen & Co.*, 483 N.E.2d 110, 118 (N.Y. 1985). *See Sec. Investor Prot. Corp.*

*v. BDO Seidman, LLP*, 222 F.3d 63, 73-74 (2d Cir. 2000). *First*, "the accountants

must have been aware that the financial reports were to be used for a particular

purpose". *Credit Alliance*, 483 N.E.2d at 118. *Second*, in furtherance of that

purpose, "a known party or parties" must have been "intended to rely". *Id. Third*,

"there must have been some conduct on the part of the accountants linking them to

that party or parties, which evinces the accountants' understanding of that party or

parties' reliance". *Id.* Plaintiff fails to satisfy all three elements of the *Credit

Alliance* test.

       *First*, Plaintiff fails to allege that PwC Ireland knew its audit reports

would be used for "a particular purpose". Under *Credit Alliance*, an auditor has no

duty to investors where the audits were merely "part of an ongoing relationship

with the company in order to provide annual reports, and not for the purpose of

inducing the particular investments involved". *DaPuzzo v. Reznick Fedder &

Silverman*, 788 N.Y.S.2d 69, 71 (App. Div. 2005). Here, plaintiff alleges only that

PwC Ireland knew Thema investors would rely on PwC Ireland's audits in making

generalized "investment decisions". (Compl. ¶ 245 (A-1885); *see also id.* ¶¶ 418-

419 (A-1936-37).) Plaintiff does not (and cannot) allege that PwC Ireland

prepared its audit reports to induce any particular trade or transaction. Therefore,

plaintiff's complaint fails to meet the first requirement of *Credit Alliance*. *See*

24

*Parrott v. Coopers & Lybrand, L.L.P.*, 741 N.E.2d 506, 508-09 (N.Y. 2000); *Sec. Pac. Bus. Credit, Inc. v. Peat Marwick Main & Co.*, 597 N.E.2d 1080, 1085-87 (N.Y. 1992).

     *Second*, Plaintiff has not alleged that PwC Ireland intended for a "known party" to rely on its reports. Under *Credit Alliance*, the words "'known party' . . . mean what they say". *Sykes v. RFD Third Ave. 1 Assocs., LLC*, 938 N.E.2d 325, 327 (N.Y. 2010). Thus, "[u]nder New York law, the mere knowledge that some customers will rely on an accountant's work does not establish negligence liability. Rather, the accountant must have known when preparing the audit that the *particular plaintiffs* bringing the action would rely on its misrepresentations". *Sec. Investor Prot. Corp.*, 222 F.3d at 75. Plaintiff does not allege that PwC Ireland knew of him at all, let alone that he would rely on the audit reports. Therefore, plaintiff fails to meet the second requirement of *Credit Alliance*. *See Meridian*, 2012 WL 2754933, at *4 (holding that investors in funds that placed assets with Madoff were not "known part[ies]" to the funds' auditors); *Stephenson*, 2012 WL 1764191, at *2-3 (holding that a potential limited partner to a fund placing assets with Madoff was not a "known party" to fund auditor).

     *Third*, plaintiff fails to allege "linking conduct" as required for under *Credit Alliance*. "To demonstrate linking conduct, a plaintiff generally must show some form of direct contact between the accountant and the plaintiff, such as a

face-to-face conversation, the sharing of documents, or other 'substantive communication' between the parties." *Sec. Investor Prot. Corp.*, 222 F.3d at 75. Plaintiff does not allege that PwC Ireland directly communicated with him in any way. Instead, he alleges only that PwC Ireland's audit report was addressed to Thema shareholders generally. (Compl. ¶ 418 (A-1936-37).) Courts have held repeatedly, including in cases against auditors of other funds that invested with Madoff, that investors' receipt of an audit report does not satisfy the linking conduct requirement under *Credit Alliance*. *See, e.g.*, *Meridian*, 2012 WL 2754933, at *4; *Saltz v. First Frontier, LP*, 782 F. Supp. 2d 61, 83-84 (S.D.N.Y. 2010), *aff'd mem.*, No. 11-265-cv, 2012 WL 2096399 (2d Cir. June 12, 2012); *Thomas H. Lee Equity Fund V, L.P. v. Grant Thornton LLP*, 586 F. Supp. 2d 119, 126-29 (S.D.N.Y. 2008); *CRT Invests.*, 925 N.Y.S.2d at 441; *Houbigant, Inc. v. Deloitte & Touche LLP*, 753 N.Y.S.2d 493, 495 (App. Div. 2003). Therefore, plaintiff fails to satisfy the third *Credit Alliance* requirement.[8]

---

[8] Two district court cases have held that direct contact between an auditor and a noncontractual party was unnecessary because merely addressing a report to shareholders satisfied the "linking conduct" requirement as to all of those shareholders. *See Anwar v. Fairfield Greenwich Ltd.*, 728 F. Supp. 2d 372, 456-57 (S.D.N.Y. 2010); *Cromer Fin. Ltd. v. Berger*, No. 00 Civ. 2498, 2001 WL 1112548, at *5 (S.D.N.Y. Sept. 19, 2001). PwC Ireland respectfully submits that those cases were wrongly decided and are contrary to controlling authority from this Court and the New York Court of Appeals requiring substantial direct contact between the auditor and the particular plaintiff. *See, e.g.*, *Sec. Investor Prot. Corp.*, 222 F.3d at 75; *Sec. Investor Prot. Corp. v. BDO Seidman, L.L.P.*, 746

This case is on all fours with *Stephenson*, in which this Court held that an investor in a fund that placed its assets with Madoff failed to state a claim against the fund's auditor for negligently inducing him to invest in the fund. 2012 WL 1764191, at *1-3. This Court reasoned that, as one of many prospective investors, the plaintiff "was not a known party to [the defendant] prior to his investment" and thus did not satisfy *Credit Alliance*. *Id.* at *2-3. Similarly, in *CRT Investments*, the court held that an investor in a Madoff-connected fund could not recover in negligence from the fund's auditor both because "direct contact between the accountant and the plaintiff [wa]s minimal or nonexistent" and because the auditor's work "was performed pursuant to professional standards applicable . . . [to] any audit, and was not undertaken pursuant to any specific duty owed to plaintiffs". 925 N.Y.S.2d at 441.

---

N.E.2d 1042, 1046 (N.Y. 2001); *Sec. Pac. Bus. Credit, Inc. v. Peat Marwick Main & Co.*, 597 N.E. 2d 1080, 1085-86 (N.Y. 1992).

Similarly, the conclusion in *Anwar* that all shareholders of a fund are "known parties" to an auditor, even if the auditor does not know who they are, *see* 728 F. Supp. 2d at 455-56, is wrong and was rejected by this Court in *Meridian* and *Stephenson*. *See Meridian*, 2012 WL 2754933, at *4 (auditors must be "aware of the identities of the specific nonprivy parties"); *Stephenson*, 2012 WL 1764191, at *3 (auditor must know "the *identity* of the specific non-privity party who would be relying"); *see also Sec. Investor Prot. Corp.*, 222 F.3d at 75 (explaining that "the accountant must have known when preparing the audit that the *particular plaintiffs* bringing the action would rely on its representations").

27

### C.  Plaintiff Fails To State a Claim for Aiding and Abetting

Plaintiff fails to state a claim for aiding and abetting breach of fiduciary duty.[9]  To state a claim, plaintiff must allege (1) an underlying breach "of which the aider and abettor had actual knowledge"; (2) knowing inducement or participation in the breach; and (3) damage.  *See In re Sharp Int'l Corp.*, 403 F.3d 43, 49-50 (2d Cir. 2005); *see also Kaufman v. Cohen*, 760 N.Y.S.2d 157, 169 (App. Div. 2003).  Actual knowledge is required; mere "constructive knowledge", such as a "failure to investigate", does not suffice.  *Kolbeck v. LIT Am., Inc.*, 939 F. Supp. 240, 247 (S.D.N.Y. 1996), *aff'd*, 152 F.3d 918 (2d Cir. 1998).  In addition, "knowing inducement or participation" requires that the alleged aider and abettor provided "'substantial assistance' to the primary violator".  *Sharp*, 403 F.3d at 50 (quoting *Kaufman*, 760 N.Y.S.2d at 170).

Plaintiff has not alleged that PwC Ireland had "actual knowledge" of any breach of fiduciary duties by the other defendants.  Indeed, here the cause of the harm to the investors was the theft of their investments by Madoff and his Ponzi scheme.  Plaintiff has not and cannot allege facts that implicate PwC Ireland

---

[9] Plaintiff's claims for aiding and abetting negligence and gross negligence should be dismissed for the reasons stated in this section, as well as the independent ground that they are not recognized causes of action under New York law.  *See King County v. IKB Deutsche Industriebank AG*, No. 09 Civ. 8387, 2012 WL 1592193, at *14 (S.D.N.Y. May 4, 2012) (to be published in F. Supp. 2d); *In re Bayou Hedge Funds Inv. Litig.*, 472 F. Supp. 2d 528, 532 (S.D.N.Y. 2007).

in that scheme.  Plaintiff makes only the conclusory assertion that "[d]efendants had actual knowledge of the breaches of fiduciary duties committed" by entire groups of defendants.  (Compl. ¶ 519 (A-1957); *see also id.* ¶ 62 (A-1840) (alleging each defendant had "actual and/or constructive knowledge" of unspecified "wrongful acts").)  Plaintiff does not specify what breaches of fiduciary duty PwC Ireland allegedly knew about, or by whom.  Nor does plaintiff supply any allegations of fact to support a claim of actual knowledge.  Such "threadbare" recitals of the elements of aiding and abetting, which are no more than legal conclusions, do not state a plausible claim for relief, *Iqbal*, 556 U.S. at 678, particularly in the context of the Ponzi scheme run by Madoff.

Plaintiff's repeated references to alleged "red flags"—indicators of Madoff's Ponzi scheme that were missed by nearly all "individual investors, financial institutions, and regulators", *S.E.C. v. Cohmad Sec. Corp.*, No. 09 Civ. 5680, 2010 WL 363844, at *2 (S.D.N.Y. Feb. 2, 2010)—do not show actual knowledge of any alleged breach of fiduciary duty.  This Court and others have held that these allegations of "red flags" do not suffice to establish the knowledge element of an aiding and abetting claim.  In *Meridian*, this Court emphasized that the risks were "inherent to BLMIS", not the funds being audited, and "[t]he Auditors were responsible for auditing the Tremont funds, not BMLIS".  2012 WL 2754933, at *3, *5; *see also Stephenson*, 2012 WL 1764191, at *3-4; *MLSMK*

29

*Invs. Co. v. JP Morgan Chase & Co.*, 737 F. Supp. 2d 137, 144-45 (S.D.N.Y. 2010) (dismissing aiding and abetting claims for lack of actual knowledge because it was not enough that defendants "could have connected the dots" to detect Madoff's fraud), *aff'd in relevant part*, 431 F. App'x 17 (2d Cir. 2011).

Moreover, plaintiff fails to allege that PwC Ireland substantially assisted any alleged breach of fiduciary duty. Although plaintiff makes the blanket assertion that each defendant "rendered substantial assistance to the other Defendants" (Compl. ¶ 63 (A-1840)), the complaint is devoid of any factual allegations as to the nature of that alleged assistance or what specific conduct of PwC Ireland supposedly constituted substantial assistance or even whose breach PwC Ireland substantially assisted. Such conclusory allegations do not suffice.

It is insufficient for plaintiff to allege that PwC Ireland issued unqualified audit opinions on the financial statements of the Thema Fund. As the court held in *CRT Investments* in a nearly identical context, "[s]ubstantial assistance . . . means more than just performing routine business services". 925 N.Y.S.2d at 441 (affirming dismissal of aiding and abetting claims against Madoff-fund auditor where complaint failed to plead "a factual basis for inferring that [the auditor] did anything more than perform the routine business of auditing"). This Court similarly affirmed the dismissal of aiding and abetting claims against Madoff-fund auditors in *Meridian*, 2012 WL 2754933, at *5 (citing *CRT*

30

*Investments*, 925 N.Y.S.2d at 441). Plaintiff's aiding and abetting claims fail,

therefore, because he pleads only ordinary business activities by PwC Ireland,

which cannot constitute substantial assistance. Moreover, plaintiff cannot establish

substantial assistance by any failure of PwC Ireland to act because PwC Ireland did

not owe fiduciary duties to Thema, let alone to any other defendant. *See Kaufman*,

760 N.Y.S.2d at 170 ("[M]ere inaction . . . constitutes substantial assistance only if

the defendant owes a fiduciary duty directly to the plaintiff."); *see also Able*

*Energy, Inc. v. Marcum & Kliegman LLP*, 893 N.Y.S.2d 36, 37 (App. Div. 2010)

("the duty owed by an accountant to a client is generally not fiduciary in nature").

### D.   Plaintiff Fails To State a Claim for Unjust Enrichment

Plaintiff has failed to state a claim against PwC Ireland for unjust

enrichment. To state a claim, "'plaintiff must establish (1) that the defendant

benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience

require restitution'". *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of*

*N.J., Inc.*, 448 F.3d 573, 586 (2d Cir. 2006) (quoting *Kaye v. Grossman*, 202 F.3d

611, 616 (2d Cir. 2000)). Unjust enrichment is a quasi-contract claim, which

means that it can provide relief only in the absence of a contractual agreement. *Id.*

Here, plaintiff's unjust enrichment claim fails because "there is a valid

and enforceable contract governing [the] particular subject matter" of this case.

*See id.* at 587. "The existence of a valid and enforceable written contract

31

governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter." *Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 516 N.E.2d 190, 193 (N.Y. 1987). That is true whether or not the plaintiff is a party to the particular contract. *ABF Capital Mgmt. v. Askin Capital Mgmt., L.P.*, 957 F. Supp. 1308, 1334 (S.D.N.Y. 1997); *see also Law Debenture v. Maverick Tube Corp.*, No. 06 Civ. 14320, 2008 WL 4615896, at *13 (S.D.N.Y. Oct. 15, 2008), *aff'd sub nom. Law Debenture Trust Co. of N.Y. v. Maverick Tube Corp.*, 595 F.3d 458 (2d Cir. 2010). Here, plaintiff's claim for unjust enrichment arises out of the audit fees paid to PwC Ireland by Thema. (*See* Compl. ¶¶ 540-541 (A-1961).) Those fees were paid pursuant to a written contract between Thema and PwC Ireland. (Weldon Decl. ¶ 4 (A-3368-69).) Plaintiff cannot seek to recover those same fees on a theory of unjust enrichment.

Plaintiff's unjust enrichment claim also fails because plaintiff does not (and cannot) allege that he directly bestowed a benefit on PwC Ireland. Although an unjust enrichment claim does not require privity between the parties, a plaintiff must still allege a "sufficiently close relationship" with the defendant. *Georgia Malone & Co. v. Rieder*, No. 132, 2012 N.Y. Slip Op. 05200, at *4-6, 2012 WL 2428246 (N.Y. June 28, 2012) (to be published in N.E.2d). Here, plaintiff does not plead any "direct dealing or actual, substantive relationship" with PwC Ireland. *Reading Int'l, Inc. v. Oaktree Capital Mgmt. LLC*, 317 F. Supp. 2d 301, 334

32

(S.D.N.Y. 2003). Thus, plaintiff cannot recover against PwC Ireland for unjust enrichment. *See ABF Capital Mgmt.*, 957 F. Supp. at 1333-34 (dismissing unjust enrichment claims by investors against investment fund's advisors and brokers because the fund, not its investors, paid fees to the advisors).

### E. Plaintiff Lacks Standing To Bring Derivative Claims Against PwC Ireland on Behalf of Thema

Plaintiff purports to bring the negligence-based claims both derivatively, on behalf of the Thema Fund, as well as directly. Under New York's "internal affairs" doctrine, the question of shareholder standing to bring a derivative suit is determined according to the law of the place of incorporation, which in this case is Ireland. *See, e.g.*, *In re Optimal U.S. Litig.*, 813 F. Supp. 2d 351, 375 & n.175 (S.D.N.Y. 2011) (collecting cases).

Plaintiff lacks standing under Irish law to bring a derivative suit on behalf of Thema. Ireland "strictly" follows the rule of *Foss v. Harbottle*, 2 Hare 461 (1843), under which shareholder derivative actions are generally disallowed, subject only to limited exceptions. (Sanfey Decl. ¶¶ 15.10-15.14 (A-3354-56).) PwC Ireland's Irish law expert has explained that neither of the exceptions claimed by plaintiff—the "fraud on the minority" exception and the "ultra vires" exception (*see* Compl. ¶¶ 397-408 (A-1931-34))—applies here. (Sanfey Decl. ¶¶ 15.15-15.18 (A-3356-57); Sanfey Supp. Decl. ¶¶ 7.3-7.8 (A-5253-55).)

33

Indeed, U.S. courts regularly dismiss as a matter of law claims, like those here, by shareholders purporting to bring derivative claims for companies under the rule of *Foss v. Harbottle*. These cases reject efforts to rely on the same exceptions plaintiff seeks to use here. *See, e.g.*, *City of Harper Woods Emps.' Ret. Sys. v. Olver*, 589 F.3d 1292, 1299-1304 (D.C. Cir. 2009) (English law); *Winn v. Schafer*, 499 F. Supp. 2d 390, 396-98 (S.D.N.Y. 2007) (Cayman law) (collecting cases).

In addition, the derivative claims against PwC Ireland on behalf of Thema should be dismissed to enforce a mandatory forum selection provision. PwC Ireland's contracts with Thema provided that "the Irish Courts shall have exclusive jurisdiction to settle any claim, difference or dispute . . . which may arise out of or in connection with such contract". (Weldon Decl. Ex. A, at 8 (A-3384).) This mandatory forum selection clause meets each of the requirements for enforceability. *See M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972); *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383-84 (2d Cir. 2007). While the forum selection provision may not govern plaintiff's direct claims, it is binding on plaintiff to the extent that he seeks to bring Thema's claims.[10] Indeed, the

---

[10] The other PwC defendants may also invoke the forum selection clause in PwC Ireland's contracts with Thema, as plaintiff's claims against them are directly related to PwC Ireland's conduct in issuing its audit reports on Thema. *See Cfirstclass Corp. v. Silverjet plc*, 560 F. Supp. 2d 324, 328 (S.D.N.Y. 2008).

34

exclusive jurisdiction of the Irish courts over derivative claims against PwC Ireland reinforces the District Court's conclusion on *forum non conveniens* grounds that the claims asserted here belong in Ireland, not in New York.

## F. Plaintiff Cannot State Federal Securities Claims Against PwC Ireland

Finally, plaintiff seeks on appeal leave to add a federal securities claim. (*See* Plf. Br. at 96.) For the reasons stated in Part III of the Joint Appellees' Brief, leave to amend would be futile because plaintiff cannot state a federal securities claim. Under *Morrison v. National Australia Bank Ltd.*, 130 S. Ct. 2869 (2010), and *Absolute Activist Value Master Fund v. Ficeto*, 677 F.3d 60 (2d Cir. 2012), U.S. securities laws do not apply to purchases of shares in the Thema Fund, which were transactions that occurred in Ireland. *See In re Optimal U.S. Litig.*, No. 10 Civ. 4095, 2012 WL 1988713, at *2-4 (S.D.N.Y. June 4, 2012) (to be published in F. Supp. 2d); *Banco Santander*, 732 F. Supp. 2d at 1316-18. Moreover, as this Court has held in two recent decisions dismissing federal securities claims against auditors of other Madoff funds (*see supra* pp. 29-30), plaintiff's allegations of "red flags" are insufficient to plead scienter with respect to PwC Ireland. *See Meridian*, 2012 WL 2754933, at *3; *Stephenson*, 2012 WL 1764191, at *3-4.

## CONCLUSION

For the foregoing reasons, the District Court's decision dismissing all claims against PwC Ireland should be affirmed.

July 24, 2012

CRAVATH, SWAINE & MOORE LLP,

by

Thomas G. Rafferty
Antony L. Ryan

Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

*Attorneys for Defendant-Appellee*
*PricewaterhouseCoopers Ireland*

36

# CERTIFICATE OF COMPLIANCE PURSUANT TO FED. R. APP. P. 32(a)(7)(C)

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 8,658 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii). This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Office 2007 in 14-point Times New Roman.

July 24, 2012

_____
Antony L. Ryan