# 12-156-cv

## 12-162-cv (Consol.)

IN THE

### United States Court of Appeals

FOR THE SECOND CIRCUIT

DANA TREZZIOVA, NEVILLE SEYMOUR DAVIS,

*Plaintiffs-Appellants,*

REPEX VENTURES S.A., on behalf of itself and all others similarly situated,

*Plaintiffs,*

v.

SONJA KOHN, PRIMEO SELECT FUND, PRIMEO EXECUTIVE FUND, HANNES SALETA,

*Defendants-Appellees.*

[remainder of caption appears on inside cover]

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**BRIEF FOR DEFENDANT-APPELLEE
PRICEWATERHOUSECOOPERS INTERNATIONAL LIMITED**

FRASER L. HUNTER, JR.
BRAD E. KONSTANDT
WILMERHALE LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8882
*Attorneys for Defendant-Appellee
PricewaterhouseCoopers International Ltd.*

[caption continued from front cover]

ERNST & YOUNG GLOBAL LIMITED, HSBC SECURITIES SERVICES (LUXEMBURG) S.A., HSBC HOLDINGS plc, BANK MEDICI, UNICREDIT, BANK AUSTRIA, PIONEER GLOBAL ASSET MANAGEMENT S.P.A., ALFRED SIMON, KARL E. KANIAK, HANS-PETER TIEFENBACHER, JOHANNES P. SPALEK, NIGEL H. FIELDING, JAMES E. O'NEILL, ALBERTO LaROCCA, DECLAN MURRAY, URSULA RADEL-LESZCYNSKI, MICHAEL WHEATON, BA WORLDWIDE FUND MANAGEMENT, LTD., PIONEER ALTERNATIVE INVESTMENT MANAGEMENT LTD., BANK OF BERMUDA (CAYMAN) LIMITED, BANK OF BERMUDA (LUXEMBOURG) S.A., BANK OF BERMUDA LIMITED, ERNST & YOUNG (CAYMAN), ALBERTO BENBASSAT, STEPHANE BENBASSAT, GENEVALOR, BENBASSAT & CIE, GERALD J.P. BRADY, JOHN HOLLIWELL, SONJA KOHN, DANIEL MORRISSEY, DAVID T. SMITH, WERNER TRIPOLT, BANK MEDICI AG, UNICREDIT SPA, HSBC INSTITUTIONAL TRUST SERVICES (IRELAND) LTD., HSBC SECURITIES SERVICES (IRELAND) LTD., HSBC HOLDINGS plc, PRICEWATERHOUSECOOPERS INTERNATIONAL LTD., PRICEWATERHOUSECOOPERS (DUBLIN), PRICEWATERHOUSECOOPERS LLP, PRICEWATERHOUSECOOPERS BERMUDA, THEMA ASSET MANAGEMENT LIMITED, BA WORLDWIDE FUND MANAGEMENT LIMITED, PETER MADOFF, ANDREW MADOFF, MARK MADOFF, WILLIAM FRY, JP MORGAN CHASE & CO., BANK OF NEW YORK MELLON, HERALD (LUX), MESSRS. FERDINAND BURG AND CARLO REDING, THE COURT APPOINTED LIQUIDATORS FOR HERALD (LUX), HERALD ASSET MANAGEMENT LIMITED, UNICREDIT BANK AUSTRIA AG, THEMA INTERNATIONAL FUND PLC, ERNST & YOUNG S.A., FRIEDRICH PFEFFER, FRANCO MUGNAI, THEMA INTERNATIONAL FUND PLC

*Defendants–Appellees,*

BERNARD L. MADOFF, BERNARD L. MADOFF INVESTMENT SECURITIES, BANK MEDICI S.A., PETER SCHEITHAUER, HERALD USA FUND, HERALD LUXEMBURG FUND, BANK AUSTRIA CREDITANSTALT, UNICREDIT S.A., PIONEER ALTERNATIVE INVESTMENTS, HSBC SECURITIES SERVICES, S.A., HAML, PAUL DE SURY, GABRIEL SAFDIE, WILLIAM A. JONES, HELMUTH E. FREY, ANDREAS PIRKNER, RICHARD GODDARD, ERNST & YOUNG, FRIEHLING & HOROWITZ, PETER SCHEITHAUER,

*Defendants.*

# RULE 26.1 CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, Defendant-Appellee PricewaterhouseCoopers International Limited states that it has no parent corporation and that no publicly held corporation owns 10% or more of its stock.

# TABLE OF CONTENTS

Page

INTRODUCTION ...........................................................................................................1

COUNTERSTATEMENT OF ISSUES PRESENTED............................................2

COUNTERSTATEMENT OF THE CASE................................................................2

    A.    Nature of The Case ................................................................................2

    B.    Course of Proceedings............................................................................3

SUMMARY OF THE ARGUMENT ..........................................................................4

ARGUMENT ..................................................................................................................5

I.    THE DISTRICT COURT PROPERLY DISMISSED THE CLAIMS AGAINST PWCIL FOR FORUM NON CONVENIENS .............................5

II.    PLAINTIFF FAILS TO STATE A CLAIM AGAINST PWCIL ...................5

    A.    Standard of Review ................................................................................6

    B.    PwCIL Cannot Be Vicariously Liable In the Absence of an Underlying Violation By the Member Firms .......................................7

    C.    PwCIL Cannot Be Held Vicariously Liable For Audits It Did Not Perform, Had No Role In, and Did Not Control ............................7

    D.    Plaintiff Cannot State Federal Securities Claims Against PwCIL.......10

CONCLUSION.............................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

Cases

*Anwar v. Fairfield Greenwich Ltd.*,
　728 F. Supp. 2d 372 (S.D.N.Y. 2010) ................................................................... 5, 7, 8, 9

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) ............................................................................................................ 6

*Banco Santander Sec.-Optimal Litig.*,
　732 F. Supp. 2d 1305 (S.D. Fla. 2010) ............................................................................. 10

*Bell Atlantic Corp. v. Twombly*,
　550 U.S. 544 (2007) ........................................................................................................ 6, 7

*H&H Acquisition Corp. v. Financial Intranet Holdings*,
　No. 98 Civ. 5269, 2009 WL 3496826 (S.D.N.Y. Oct. 19, 2009) ...................................... 10

*In re Alstom SA Sec. Litig.*,
　406 F. Supp. 2d 433 (S.D.N.Y. 2005) .............................................................................. 10

*In re Asia Pulp & Paper Sec. Litig.*,
　293 F. Supp. 2d 391 (S.D.N.Y. 2003) .......................................................................... 9, 10

*In re Global Crossing, Ltd. Sec. Litig.*,
　No. 02 Civ. 910, 2005 WL 1907005 (S.D.N.Y. Aug. 8, 2005) ........................................ 10

*In re Optimal U.S. Litig.*,
　No. 10 Civ. 4095, 2012 WL 1988713 (S.D.N.Y. June 4, 2012) ...................................... 10

*Meridian Horizon Fund, LP v. KPMG (Cayman)*,
No. 11-3311-cv, 2012 WL 2754933 (2d Cir. July 10, 2012)..…………….…...6, 10

*Morrison v. National Australia Bank Ltd.*,
　130 S. Ct. 2869 (2010) ..................................................................................................... 10

*Nuevo Mundo Holdings v. PricewaterhouseCoopers LLP*,
　No. 03 Civ. 0613, 2004 WL 112948 (S.D.N.Y. Jan. 22, 2004) ......................................... 9

*Owens v. Gaffken & Barringer Fund, LLC*,
   No. 08 Civ. 8414, 2009 WL 3073338 (S.D.N.Y. Sept. 21, 2009).......................10

*Port Dock & Stone Corp. v. Oldcastle Ne., Inc.*,
   507 F.3d 117 (2d Cir. 2007) ................................................................................6

*Readco, Inc. v. Marine Midland Bank,* 81 F.3d 295 (2d Cir. 2006) ………………6

*Shapiro v. Kronfeld*,
   No. 00 Civ. 6286, 2004 WL 2698889 (S.D.N.Y. Nov. 24, 2004).....................5, 7

*Slayton v. Am. Express Co.*,
   604 F.3d 758 (2d Cir. 2010) ................................................................................6

*Star Energy Corp. v. RSM Top-Audit*,
   No. 08 Civ. 00329, 2008 WL 5110919 (S.D.N.Y. Nov. 26, 2008).......................9

*Stephenson v. PricewaterhouseCoopers LLP*,
   No. 11-1204-cv, 2012 WL 1764191 (2d Cir. May 18, 2012, as
   amended June 13, 2012) ............................................................................... 6, 10

*Tabor v. Bodisen Biotech, Inc.*,
   579 F. Supp. 2d 438 (S.D.N.Y. 2008) ...............................................................11

Rules

Federal Rule of Appellate Procedure 26.1..............................................................3

PricewaterhouseCoopers International Limited ("PwCIL") is an appellee in one of these consolidated appeals, *Davis v. Benbassat*, Appeal No. 12-162-cv, involving the Thema International Fund plc ("Thema").

**INTRODUCTION**

This is a putative class action on behalf of foreign investors in Thema, an investment fund located in Dublin and organized under Irish law. Thema placed its assets with Bernard L. Madoff Investment Securities LLC ("Madoff"). Madoff, of course, was running a Ponzi scheme, and the money was subsequently stolen. Plaintiff's claims against Madoff, however, are not part of this action. Instead, plaintiff is suing Thema, its directors and its Irish professional service providers and various affiliates thereof, claiming that all of them owed duties to Thema's investors, either directly or, as in the case of PwCIL, derivatively, and should be held responsible for Madoff's intentional criminal acts.

PwCIL is a coordinating entity that does not provide professional services. PwCIL was not retained by Thema, and did not issue reports on Thema's financial statements. Plaintiff does not allege any involvement by PwCIL in the Thema audits at issue or the exercise of control by PwCIL over the Thema audits at issue. PwCIL did not opine on or make any statement related to Thema. Plaintiff does not allege that PwCIL ever had any contact with Thema's investors or even knew who any of them were. In the absence of any connection between PwCIL and the

audits of Thema, PwCIL cannot be held vicariously liable for the actions of the member firms that audited Thema.

The District Court correctly concluded that this case should be dismissed on the basis of *forum non conveniens* in favor of Ireland, where Thema and most of its professional service providers are located and nearly all of the relevant conduct took place. This Court should affirm that decision. In any event, the District Court's dismissal of all claims against PwCIL can be affirmed on the alternative ground that plaintiff has failed to state a valid claim against PwCIL upon which relief can be granted.

Accordingly, the judgment in favor or PwCIL should be affirmed.

## COUNTERSTATEMENT OF ISSUES PRESENTED

1. Whether the District Court abused its discretion in dismissing this case on the basis of *forum non conveniens*.

2. Whether the complaint should be dismissed as against PwCIL under Rule 12(b)(6) for failure to state a claim.

## COUNTERSTATEMENT OF THE CASE

**A.     Nature of The Case**

Plaintiff brings this case on behalf of a putative class of foreigners who invested in Thema, an investment fund located in Dublin and organized under the laws of Ireland. (*See* Compl. ¶¶ 1, 27 (A-1821, 1829).) Thema placed assets with

Bernard L. Madoff, which Madoff then stole as part of his multi-billion dollar Ponzi scheme.

PwCIL is the coordinating entity for the PwC network of firms. (A. Ryan Decl. ¶ 2 (A-3330).) Each PwC member firm within the network ("PwC Member Firm") is a separate legal entity organized under the laws of its own jurisdiction. (*Id.*; McMahon Decl. ¶ 8 (A-3364).) PwCIL is itself a separate legal entity from each of the PwC Member Firms. (A. Ryan Decl. ¶ 2 (A-3330).) PwCIL does not provide professional services and does not control the member firms in the PwC network. (*Id.*) Accordingly, PwCIL was not retained by Thema, did not issue reports on Thema's financial statements, and did not participate in the Thema audits. (*See* Compl. ¶¶ 43-46, 113-117, 134 (A-1834-35, 1852-53, 1858).)

Plaintiff seeks to hold PwCIL vicariously liable for the PwC Member Firms' alleged failures with respect to the audits at issue.

**B       Course of Proceedings**

The course of proceedings is set forth in the Joint Brief for Defendants-Appellees Unicredit S.p.A., William Fry and Sonja Kohn (the "Joint Appellees' Brief"), and PwCIL incorporates that discussion by reference.

Along with the other defendants in the Thema action (No. 09 Civ. 2558) and the consolidated Herald and Primeo actions (Nos. 09 Civ. 289 and 09 Civ. 2032), PwCIL moved to dismiss this case on June 29, 2011. PwCIL argued that

plaintiff's complaint should be dismissed on the basis of *forum non conveniens* in favor of Ireland and that plaintiff further failed to state a claim upon which relief can be granted against PwCIL pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

On November 29, 2011, the District Court dismissed the claims against PwCIL – and most of the other defendants in the Thema action – on the basis of *forum non conveniens*, holding that Ireland was the proper forum for plaintiff to pursue his claims. Having dismissed the case on *forum non conveniens* grounds, the District Court did not address whether the allegations against PwCIL stated valid claims for relief.

## SUMMARY OF THE ARGUMENT

The District Court's decision dismissing all claims against PwCIL should be affirmed on two separate grounds.

*First*, for the reasons stated in the Joint Appellees' Brief, the District Court did not abuse its discretion in dismissing the case on the basis of *forum non conveniens*.

*Second*, plaintiff fails to state a claim against PwCIL. Plaintiff seeks to hold PwCIL vicariously liable for audits conducted by the PwC Member Firms. PwCIL is not alleged to have been retained by Thema or to have issued reports on Thema's financial statements. Nor does plaintiff allege that PwCIL had any involvement in

- 4 -

the audits at issue or exercised control over the audits at issue. Under established law in this Circuit, PwCIL cannot be held vicariously liable for the actions of the PwC Member Firms because it has not alleged that PwCIL controlled the PwC Member Firms with respect to the Thema audits. *See Anwar v. Fairfield Greenwich Ltd.*, 728 F. Supp. 2d 372, 458-61 (S.D.N.Y. 2010).

Alternatively, plaintiff's claims against PwCIL fail because plaintiff has failed to state a claim against the PwC Member Firms. There can be no imposition of vicarious liability in the absence of underlying liability. *Id.* at 459 n.27; *see Shapiro v. Kronfeld*, No. 00 Civ. 6286, 2004 WL 2698889, at *24 (S.D.N.Y. Nov. 24, 2004).

## ARGUMENT

### I. THE DISTRICT COURT PROPERLY DISMISSED THE CLAIMS AGAINST PWCIL FOR *FORUM NON CONVENIENS*

For the reasons set forth in Part I of the Joint Appellees' Brief, which is incorporated herein by reference, the District Court's decision to dismiss this case on the basis of *forum non conveniens* should be affirmed.

### II. PLAINTIFF FAILS TO STATE A CLAIM AGAINST PWCIL

Although plaintiff's proposed Second Amended Complaint includes a variety of claims against PwCIL, all are premised upon PwCIL's alleged vicarious liability for the acts of the Member Firms. (Compl. ¶¶ 435-462, 487-501, 518-21, 539-43 (A-1939-44, 1949-53, 1957-58, 1961).) Because plaintiff fails to allege

that PwCIL controlled the PwC Member Firms with respect to the Thema audits or even had any role in the audits at issue, plaintiff fails to state a claim against PwCIL.

A. **Standard of Review**

This Court determines the legal sufficiency of plaintiff's complaint *de novo*. *Slayton v. Am. Express Co.*, 604 F.3d 758, 766 (2d Cir. 2010). Whether plaintiff states a claim is a purely legal question and does not require any additional fact finding. As such, this Court may address it in the first instance. *See Stephenson v. PricewaterhouseCoopers LLP*, No. 11-1204-cv, 2012 WL 1764191, at *3 n.4 (2d Cir. May 18, 2012, *as amended* June 13, 2012) (citing *Readco, Inc. v. Marine Midland Bank*, 81 F.3d 295, 302 (2d Cir. 2006)); *Meridian Horizon Fund, LP v. KPMG (Cayman)*, No. 11-3311-cv, 2012 WL 2754933, at *4 (2d Cir. July 10, 2012).

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although the court generally must accept well plead factual allegations as true, allegations that "are no more than conclusions, are not entitled to the assumption of truth," and "[t]hreadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice" to state a claim. *Iqbal*, 556 U.S. at 678. Furthermore, the court should "giv[e] no effect to legal conclusions couched as factual allegations," *Port Dock & Stone Corp. v. Oldcastle Ne., Inc.*, 507 F.3d 117, 121 (2d Cir. 2007), and a complaint that fails "to raise a right to relief above the speculative level" should be dismissed as a matter of law, *Twombly*, 550 U.S. at 555.

### B. PwCIL Cannot Be Vicariously Liable In the Absence of an Underlying Violation By the Member Firms

Plaintiff's claims against PwCIL fall because plaintiff has failed to plead the underlying liability of the PwC Member Firms. *See* Briefs for Defendant-Appellee PricewaterhouseCoopers Ireland, Defendant-Appellee PricewaterhouseCoopers LLP, and Defendant-Appellee PricewaterhouseCoopers Bermuda, which PwCIL incorporates by reference. If the complaint fails to state a claim against the purported agent, then it necessarily fails to state a claim against the alleged principal. *See, e.g.*, *Anwar*, 728 F. Supp. 2d at 459 n.27; *Shapiro*, 2004 WL 2698889, at *24.

### C. PwCIL Cannot Be Held Vicariously Liable For Audits It Did Not Perform, Had No Role In, and Did Not Control

Plaintiff cannot hold PwCIL vicariously liable for the actions of the PwC Member Firms because plaintiff has not alleged that PwCIL controlled the PwC Member Firms with respect to the Thema audits, or had any role whatsoever in the

audits at issue. Plaintiff has alleged only that PwCIL maintained some form of generalized control over the Member Firms, by virtue of its role as a network coordinating entity, which is insufficient as a matter of law. Such generic allegations regarding the structure of an accounting network do not establish an agency relationship.

In *Anwar v. Fairfield Greenwich Ltd.*, 728 F. Supp. 2d 372 (S.D.N.Y. 2010), another Madoff fund case, the district court rejected nearly identical generalized allegations against PwCIL. *Id.* at 458-61. The court held that the plaintiff could not hold PwCIL vicariously liable for the alleged actions of Member Firms because the complaint "did not offer any assertion of PwC International's specific control of the Funds' audits" and was "devoid of allegations suggesting any substantive involvement or exercise of any control by PwC International in connection with the Funds' audits." *Id.* at 459. The court agreed that the plaintiff's failure to "link PwC International to the member firms' audits of the Funds" or to "allege any PwC International participation in or control of the audits of the Funds" was fatal to its claims. *Id.*

Specifically rejecting the plaintiff's assertion that "allegations of generalized control are sufficient to state a plausible agency relationship," the court found that the plaintiff's theory of liability was "not supported by the case law," referencing "a plethora of cases standing for the same or similar propositions rejecting [the

- 8 -

plaintiffs'] theory." *Id.* A "principal auditor's control of its agent auditor must come in a more focused form" than proposed by the plaintiff; namely, actual involvement in the preparation of the audits at issue or the actual exercise of control over the member firms' operations and audits. *Id.* Holding that "allegations of generalized control are insufficient to state a plausible claim of coordinating-entity control over its member firms in the auditing context," the court dismissed the vicarious liability claims against PwCIL.

The claims here against PwCIL must fail for the same reasons. Plaintiff offers only conclusory allegations of "control" over Member Firms' operations or audits as were deemed insufficient in *Anwar*. (Compl. ¶¶ 46, 231-46 (A-1835, 1880-86).) The Complaint does not contain a single allegation that PwCIL exercised control over or had involvement in the audits at issue. Without such allegations, there cannot be vicarious liability. *See Star Energy Corp. v. RSM Top-Audit*, No. 08 Civ. 00329, 2008 WL 5110919, at *4-5 (S.D.N.Y. Nov. 26, 2008); *Nuevo Mundo Holdings v. PricewaterhouseCoopers LLP*, No. 03 Civ. 0613, 2004 WL 112948, at *5 (S.D.N.Y. Jan. 22, 2004).

Courts in this Circuit have also long discredited complaints resting on the generic assertion that legally separate member firms in an accounting network constitute "one-firm," rejecting the argument that a coordinating entity like PwCIL necessarily has an agency relationship with and controls its member firms with

- 9 -

respect to a particular audit. *See Nuevo Mundo*, 2004 WL 112948, at *3; *Star Energy Corp.*, 2008 WL 5110919, at *2; *In re Asia Pulp & Paper Sec. Litig.*, 293 F. Supp. 2d 391, 396 (S.D.N.Y. 2003).

### D. Plaintiff Cannot State Federal Securities Claims Against PwCIL

Finally, plaintiff seeks on appeal leave to add a federal securities claim. (*See* Plf. Br. at 96.) For the reasons stated in Part III of the Joint Appellees' Brief, leave to amend would be futile because plaintiff cannot state a federal securities claim. Under *Morrison v. National Australia Bank Ltd.*, 130 S. Ct. 2869 (2010), and *Absolute Activist Value Master Fund v. Ficeto*, 677 F.3d 60 (2d Cir. 2012), U.S. securities laws do not apply to purchases of shares in the Thema Fund, which were transactions that occurred in Ireland. *See In re Optimal U.S. Litig.*, No. 10 Civ. 4095, 2012 WL 1988713, at *2-4 (S.D.N.Y. June 4, 2012) (to be published in F. Supp. 2d); *Banco Santander Sec.–Optimal Litig.*, 732 F. Supp. 2d 1305, 1316-18 (S.D. Fla. 2010). Moreover, as this Court has held in two recent decisions dismissing federal securities claims against auditors of other Madoff funds, plaintiff's allegations of "red flags" are insufficient to plead scienter with respect to PwC Ireland. *See Meridian*, 2012 WL 2754933, at *3; *Stephenson*, 2012 WL 1764191, at *3-4.

Furthermore, for the reasons discussed above (*see supra* p.7-10), plaintiff's allegations of vicarious liability also fail to satisfy the standard for controlling

- 10 -

person liability under the federal securities laws. *See In re Alstom SA Sec. Litig.*, 406 F. Supp. 2d 433, 487 (S.D.N.Y. 2005); *H&H Acquisition Corp. v. Financial Intranet Holdings*, No. 98 Civ. 5269, 2009 WL 3496826, at *7 (S.D.N.Y. Oct. 19, 2009); *In re Asia Pulp*, 293 F. Supp. 2d at 396; *see also Owens v. Gaffken & Barringer Fund, LLC*, No. 08 Civ. 8414, 2009 WL 3073338, at *12 (S.D.N.Y. Sept. 21, 2009); *In re Global Crossing, Ltd. Sec. Litig.*, No. 02 Civ. 910, 2005 WL 1907005, at *12-13 (S.D.N.Y. Aug. 8, 2005).[1]

---

[1] And because no primary violation of the federal securities laws by the Member Firms has been adequately pled, the control person claim against PwCIL necessarily fails. *See, e.g., Tabor v. Bodisen Biotech, Inc.*, 579 F. Supp. 2d 438, 453 (S.D.N.Y. 2008).

## CONCLUSION

For the foregoing reasons, the District Court's decision dismissing all claims against PwCIL should be affirmed.

July 24, 2012

                      WILMERHALE LLP,

            by

                      /s/ Fraser L. Hunter, Jr.
                      Fraser L. Hunter, Jr.
                      Brad E. Konstandt

                  7 World Trade Center
                  250 Greenwich Street
                  New York, NY 10007
                  (212) 203-8882

                  *Attorneys for Defendant-Appellee*
                  *PricewaterhouseCoopers*
                  *International Limited*